The CHIEF'JUSTICE
 

 delivered the opinion of the court.
 

 The right of Bailey to maintain his action against Pollard depends upon the construction to be given to the charter of the bank; Pollard does not deny his liability to the creditors, .but insists that it cannot be enforced in this maimer.
 

 He is one of the stockholders of the bank and Bailey one of its creditors. Stockholders are, by article two, section sixteen of the charter, “ bound respectively for all the debts of the bank in proportion to their stock holden therein.” The action below was at law, by one creditor against one stockholder, to recover the full amount of his debt without regard to the other creditors or the ability of the other stockholders to respond to their obligations under the charter. The stock of Pollard, at its par value, exceeds in amount the debt owing to Bailey, but it is admitted that the other indebtedness of the bank is very large, and nearly, if not quite, equal to the entire capital.
 

 Each stockholder is bound for the debts in proportion to his stock. His liability is-not limited to the par value of his stock, neither is he bound absolutely for the payment of
 
 *525
 
 the full amount of that. He must pay a sum which shall bear the same proportion to the whole indebtedness that his stock bears to the whole capital, ánd is not required to pay more. For the purposes of this case it is not necessary to decide what effect the insolvency of any of the stockholders would have upon the liability of such as are solvent. It is certain that no stockholder is liable for more, than
 
 Ms proportion
 
 of the debts. This proportion can only be ascertained upon an account of the debts and stock and a
 
 pro rata
 
 distribution of the indebtedness among the several stockholders. The proper action, therefore, to enforce the liability.is one in which such an account can be stated and distribution made. Such an action calls specially for the exercise of the powers of a court of equity, which can bring before it all. the necessary parties and adjust all their rights. Every stockholder, when called upon to perform his obligations, has the right to require that the extent thereof shall then be determined once for all, as well that which he is under to his associate stockholders as that to the creditors. Otherwise he might be made to respond to the creditors under one rule and obtain his relief from the other stockholders under another. The provision, therefore, for a proportionate liability is equivalent to a provision for an appropriate form of equitable action to enforce it. The case is different from what it would -be if the charter had provided generally that all stockholders should.be individually liable for the payment of the debts. "The cases from New York cited upon the argument, and which are supposed to be in opposition to the 'view we have taken, involved the consideration of such a liability.
 

 But when section sixteen is taken in connection with sections twenty and twenty-one, it is very apparent that it was the intention - of the legislature only to charge the stockholders upon a proper account, and in the manner therein provided for. The intention of the legislature; when properly ascertained, must govern in the construction of every statute. For such purpose the whole statute must be examined. Single sentences and single provisions are not to be
 
 *526
 
 selected and construed by themselves, but the whole must be taken together.
 

 As has been seen, section sixteen created the liability, but provided no remedy for its enforcement except by implication. Section twenty, however, provides in substance that if any debt due from the bank, exceeding $100 in amount, shall remain unpaid for more than ten days after proper demand, the holder may file a bill in the proper chancery court for the settlement of all the debts of the bank, if he elects so to do, and may, on certain specified proof, pray an injunction to restrain the bank and its officers from paying out, or in, any manner transferring or delivering to any person, any money or assets of the bank, or incurring any obligations until the order is vacáted or modified. It further provides that, upon certain findings, the 'chancellor shall proceed to inquire whether the bank is solvent or not; and if, upon such inquiry, he shall find that it is not clearly solvent, he may make an Order declaring the same to be insolvent and require its affairs to be wound up and settled, and, under certain circumstances, appoint a receiver for that purpose. Section twenty-one provides that if the bank be found insolvent, and settlement of its affairs ordered, the same shall be done upon bill filed in said chancery court under the' orders of the court and the rules in chancery, and that full distribution shall be made of the assets according to the rights of all parties, billholders having priority over other debts due from the bank. After the assets were exhausted, if they were .not sufficient to pay all debts and liabilities, a further call was directed upon the shareholders for further payment of capital to an amount equal to the deficiency, which was to be apportioned among all the shares of stock, and an order made for the payment by each shareholder of the sum or proportion of his shares. ' This apportioned call the receiver was required to collect and apply.
 

 The individual liability of stockholders in a- corporation for the'payment of its debts is always a creature of statute. At common law it does not exist. The statute which ere
 
 *527
 
 ates it may also declare the purposes of its creation, and provide for the manuer of .its enforcement.
 

 ■ After an examination of the several sections of this charter, it cannot for a moment be doubted that it was not only thé intention to provide for a proportionate liability, but for a
 
 pro rata
 
 distribution of the fund arising therefroni among the different creditors, according to their several priorities. Every provision is entirely incousistéut with the idea that one creditor could, by an individual suit, appropriate to himself the entire benefit of the security, and exclude all others. A common fund was created for the common benefit, to be cpllected and distributed by the receiver, who was made the common agent of all. There was no liability except for the deficiency. That was to be apportioned and •collected for the common benefit.
 

 It was'not only to be apportioned and collected, but the mode of apportionment and the manner of collection were specially provided for. The liability and the remedy were created by the same statute. This being so the remedy provided is exclusive of all others. A general liability created by'statute without a remedy may be enforced by an appropriate common-law action. But where the provision for the .liability is coupled with a provision for a' special remedy, that remedy, and that alone, musí be employed.
 

 It follows as a necessary consequence from these premises that the action of Bailey cannot be maintained; and that the demurrer to his declaration should have been sustained.
 

 But it is claimed that by section. twentyrtwo Bailey, as a billholder, had the right to move in the proper court for the collection of any bill the payment of which had been refused. This clearly refers to an enforcement of the liability of the bank itself and not to that of the stockholders.
 

 Judgment reversed,'and the cause remanded with instructions to sustain the demurrer to the declaration, and give
 

 Judgment accordingly.