HEARD APRIL TERM, 1878.

## TERRY *vs.* MARTIN.

Under the charter of a bank declaring the stockholders liable for redemption of the bills and notes of the bank "in proportion to the number of shares that each" stockholder "may hold and possess," no action lies against an individual stockholder to recover the proportion for which he is liable to the bill holders under the charter, nor to recover any debt he may owe the bank for unpaid parts of his subscription to the stock. The action, it seems, should be against all the stockholders.

BEFORE MAHER, J., AT BEAUFORT, DECEMBER, 1874.

This was an action by Harvey Terry against Alfred M. Martin.

The complaint alleged that under an Act passed 13th February, 1854, by the General Assembly of the State of Georgia, the Merchants' and Planters' Bank, located at Savannah, was duly incorporated with a capital of two millions of dollars, divided into twenty thousand shares of $100 each. That Section 15 of the charter was as follows:

"And be it further enacted, That the persons and property of the stockholders shall at all times be liable, pledged and bound for the redemption of the bills and notes at any time issued, in proportion to the number of shares that each individual and corporation may hold and possess, and that such liability shall not be discharged by a sale and transfer of stock, unless at the time of such sale the sale was made for a good and valuable consideration, and was a *bona fide* transaction, and the bank was in a sound and solvent condition at the time of sale, in which event such liability shall not continue beyond six months after such sale and transfer."

That plaintiff was the *bona fide* owner and holder of bills of the said bank to the amount of $62,729, payment of which had been demanded of the bank and refused by it; that the bank was insolvent and utterly unable to redeem its bills and notes; that the defendant was the owner and holder of four hundred and eighty-six shares of the capital stock of said bank, on which has been paid the sum of $12,630, leaving still due and unpaid thereon the sum of $35,970; that the sum last mentioned is a portion of the capital stock of the bank, and is a trust fund appropriated by law and the charter of the corporation to the payment of the notes of said bank.

The complaint demanded judgment against the defendant for the sum of $62,822, with interest and costs from the date of the action.

The defendant demurred to the complaint on the ground, *inter alia,* of a defect of parties defendant in the omission of the other stockholders of the bank. His Honor the Circuit Judge sustained the demurrer upon one of the grounds taken, that is to say, for a defect of parties plaintiff, giving the plaintiff leave to amend by making all creditors who may choose to come in parties plaintiff, but overruled it upon all other grounds, including the one above stated of a defect of parties defendant.

The defendant appealed upon the ground, *inter alia,* that the other stockholders of the bank are necessary parties defendant.

*Colcock & Son,* for appellant.

*Corbin & Stone,* contra.

November 20, 1878. The opinion of the Court was delivered by

HASKELL, A. J. This action was brought by the plaintiff as a holder of bills issued by the Merchants' and Planters' Bank, of Savannah, in the State of Georgia, against the defendant as a stockholder, and as a debtor of said bank. The prayer is for judgment for the whole amount of the bills. The said amount greatly exceeds the value of the stock held by the defendant, and exceeds the liability of the stockholder to the bank for his unpaid subscription. The plaintiff rests his claim against the defendant upon both the liability under the statute as a stockholder, and the liability, if any exists, for unpaid subscription. The defendant demurred for defect of parties plaintiff and parties defendant and for other grounds. The demurrer was sustained for defect of parties plaintiff, and it was ordered that the complaint be amended by the admission of all other creditors of the said bank. The complaint has been thus amended. The demurrer was in all other respects overruled. The defendant appeals, and one of the grounds of appeal is "that the other stockholders are necessary parties defendants."

The statute under which the plaintiff claims against the defendant as a stockholder is in the charter of the bank granted by the State of Georgia, and is as follows: "Sec. 15. And be it further enacted, That the persons and property of the stockholders shall at all times be liable, pledged and bound for the redemption of the bills and notes at any time issued in proportion to the number of shares that such individual and corporation may hold and possess."

"Individual liability is repugnant to the law of corporations and qualifies in this case an exemption which would otherwise exist. Stockholders in such cases are liable according to the plain meaning of the terms employed by the Legislature and not otherwise."—*Carroll et al.* vs. *Green et al.* 2 Otto, 509.

The charter renders the stockholders liable "for the redemption of the bills and notes," but not for other debts of the bank; right of action against stockholders as such is, therefore, confined to the bill holders. With this distinction the language of the Court in *Carroll et al.* vs. *Green et al.* is applicable. "All [bill holders] therefore in this case stood upon a footing of equality and were entitled to share alike in the proceeds of the litigation. The remedy against the stockholders was necessarily in equity."—*Pollard* vs. *Bailey*, 20 Wall., 521; *ibid*, 512.

"The case of *Pollard* vs. *Bailey* (20 Wall., 520,) is an authority against the maintenance of a separate action by one creditor who seeks to obtain his entire debt to the possible exclusion of others similarly situated. The proper proceeding is in equity, where all the claims can be presented, all the liabilities of the stockholders ascertained and a just distribution made."—*Terry* vs. *Tubman*, 2 Otto, 156.

The action in the above case was by a holder of bills issued by the Bank of Augusta, Georgia, against a stockholder of the said bank liable under the charter in terms perhaps more explicit than in that of the Merchants' and Planters' Bank. Whatever may have been the original intention of the plaintiff in the present action, there can be no question that it comes before this Court in the nature of a proceeding in equity for the benefit of the plaintiff "and all others in like condition." The question, therefore, is whether any additional parties defendants are necessary to the final settlement and determination of the rights involved. It is not shown that any judgment involving a construction of this charter has been rendered in the Courts of Georgia, and perhaps it would be premature to indicate a conclusion on that point further than may be unavoidably necessary. Whether or not the plaintiff could have maintained a separate action at law against the individual stockholder, he has proceeded in equity for the benefit of himself and all other persons in like condition who may see fit to come in. We can perceive no difference between the principles which would govern the respective liabilities of the stockholders under such a

charter and those which control in a case where the stockholders, not being made liable by the charter, had made dividends of the capital stock among themselves before the debts of the bank were paid.—See Angell & Ames on Corporations, §§ 596, 600, and the cases there cited.

"In the case of this bank [Hallowell and Augusta Bank] a Court of chancery would probably sustain a bill by one or more of the creditors of the bank in behalf of all who should choose to come in against all the stockholders. * * * * It could then be ascertained how much was due in the whole to all who should choose to adopt this remedy and what had been received by each stockholder."—*Vore* vs. *Grant*, 15 Mass., 505.

Every stockholder would be liable *pro rata*, according to the number of his shares to contribute to the amount necessary to redeem all the bills which might be proved in this proceeding. The liability of each stockholder is not limited by a definite rule, as in *Carroll et al.* vs. *Green et al.*, but they are liable for the whole amount not redeemed by the bank. Such a remedy " can be obtained in equity only, for a Court of common law is incapable of administering any just relief, since it has no power of bringing all the proper parties before the Court, or of ascertaining the full amount of the debts, the mode of contribution, the number of contributors, or the cross equities and liabilities which may be absolutely required for a proper adjustment of the rights of all parties as well as of the creditors."—Story's Eq. Jur., § 1252.

In the case of the *Sackett's Harbor Bank* vs. *Blake et al.*, relied on by the respondent, the Court says : " The state of facts disclosed by the evidence authorized the complainants to maintain their bill without joining the other stockholders as defendants."—3 Rich. Eq., 225. The extent of the liability of each stockholder was fixed by the charter; every other stockholder except the defendant had already paid to the extent of his liability, and the debt yet due exceeded the liability of the defendant. No other parties could be necessary to the determination of the amount due or recoverable. But in the case before us the legal liability of the defendant cannot be ascertained without an account of the assets of the bank, its unpaid bills and other debts, and a determination of the proportionate liability of the other stockholders. The complaint alleges existing assets of the bank—unpaid subscriptions—which, perhaps, alone would be sufficient to redeem the bills. It is clear that the plaintiff

has no right of action against the defendant and for that unpaid subscription. It is a debt to the bank, and there is no privity between the parties. If he resorts to equity to subject *choses in action* to the payment of his judgment, the bank must be a party. Besides, "the subscription enures to the benefit of all creditors, while the individual liability, under the charter, operates only in favor of bill holders."—*Terry* vs. *Tubman*, 5 Otto, 636.

"It appears to the Court a misapprehension to suppose that as between the creditors of a corporation and a defaulting subscriber any *trust* exists. The fiduciary relation may be between the creditors and the corporation, but the contract of the subscriber to the stock is direct and single. No privity exists between him as an individual and any creditor of the corporation. He can only be reached by the creditor through the corporation; and this is the only equity of the creditor, to wit, to be subrogated *pro hac vice* to the rights of the corporation. If the rights of the corporation are lost, or their remedy barred, the creditor has no equity to revive them."—*The South Carolina Manufacturing Company* vs. *Bank*, 6 Rich. Eq., 227.

Thus we do not perceive how, as bill holders or as general creditors, the plaintiff, "and all others in like condition," can maintain this action against a single stockholder. If the plaintiff had proceeded in equity against the bank and all the stockholders in the State of Georgia, and an accounting had been had, and a decree or judgment obtained by which the rights and liabilities of all parties had been definitively settled, the case would have been very different. The liability of each stockholder would have been fixed, and the rights of the plaintiff could have been enforced; but, as it is, we are unable to perceive how he can proceed. It is unnecessary, therefore, at this time to consider the other grounds of appeal.

In the case of *Crease et al.* vs. *Babcock et al.*, (10 Met., 525,) the statutory liability is very similar. It was held "not only that all the bill holders should be made plaintiffs, but, also, that all the stockholders who were such when the charter of the bank expired should be made defendants."—Page 534. It was further held, in the same case, that each stockholder was liable for the whole amount represented by his stock and for no more. The reason for the rule that all stockholders who are within the terms of the charter must be made parties is made obvious when we perceive that they are severally liable, and that unless they are all joined in the proceeding

one or a few might be made liable for the whole amount of unpaid bills while the others would escape. This would be against equity, or would compel multiplicity of action, which is contrary to the purposes of the Courts of equity. Such was the opinion and the reasons upon which the conclusions rested in *Crease et al.* vs. *Babcock et al.*, and we think that the principles are applicable. The case of *Pollard* vs. *Bailey*, (20 Wall., 520,) is in point, and yet stronger than the case of *Crease* vs. *Babcock*.

The decision is reversed and the case remanded. The demurrer for parties defendants must be sustained.

Motion granted.

*Willard*, C. J., and *McIver*, A. J., concurred.