## GLOBE NEWSPAPER COMPANY *v.* WALKER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MASSACHUSETTS.

No. 210. Argued April 23, 1908.—Decided June 1, 1908.

The right of an author in the United States to multiply copies of his works after publication is the creation of a new right by Federal statute under constitutional authority and not a continuation of a common-law right. *Wheaton* v. *Peters*, 8 Pet. 590.

While a general liability or right created by statute without a remedy may be enforced by an appropriate common-law action, when a special remedy is coupled therewith that remedy is exclusive. *Pollard* v. *Bailey*, 20 Wall. 520.

Although remedies given by a statute to protect property in copyright may be inadequate for the purpose intended, the courts cannot enlarge the remedy. Congress alone has power so to do by amending the statute.

Congress having by §§ 4965–4970, Rev. Stat., provided a remedy for those whose copyrights in maps are infringed, a civil action at common law for money damages cannot be maintained against the infringers.

140 Fed. Rep. 305, reversed.

THE facts are stated in the opinion.

*Mr. William Quinby* for plaintiff in error:

The common-law rights of authors run only to publication; thereafter their sole protection is under the copyright statute. A copyright cannot be maintained as a right existing at common law, but depends wholly upon the copyright statutes. All common-law rights of authors are superseded by the copyright statute after copyright. *Banks* v. *Manchester*, 23 Fed. Rep. 143; *S. C.*, 128 U. S. 244, 252; *Wheaton* v. *Peters*, 8 Peters, 591, 662, 663; aff'd and followed in *Holmes* v. *Hurst*, 174 U. S. 82, 85; *Werckmeister* v. *American Lithographic Co.*, 134 Fed. Rep. 321; *Palmer* v. *DeWitt*, 47 N. Y. 532, 536; *Jewellers Mercantile Agency* v. *Jewellers Weekly Publishing Co.*, 155 N. Y. 241.

The copyright act provides no remedy by a civil action

either at law or in equity for damages on behalf of the owner of a copyright of a map.   Section 4965, Rev. Stat., Forfeiture; *Thornton* v. *Schreiber*, 124 U. S. 612, 614; MacGillivray, Copyrights, 290; *Chapman* v. *Ferry*, 12 Fed. Rep. 693; *Sarony* v. *Ehrich*, 28 Fed. Rep. 79.

The sole and only remedy provided by § 4965 for the infringement of a copyrighted " map" is the forfeiture to the owner of the copyright of infringing copies and one dollar for each copy found, etc.   Section 4970 gives to the owner of a copyrighted map in common with owners of other classes of copyrighted property a remedy by injunction.

The owner of a cut or a map cannot avail himself of the remedies, damages and forfeitures for copies sold or offered for sale, provided for a book or a painting.   *Bennett* v. *Boston Traveler*, 101 Fed. Rep. 445; maps may be copyrighted as an atlas or book.   *Black* v. *Allen*, 42 Fed. Rep. 618, 625 (1890), Shipman, J.

A general liability created by statute, without a remedy, may be enforced by an appropriate common-law action, but where the provision for the liability is coupled with the provision for a special remedy, that remedy, and that alone, must be employed.   *Pollard* v. *Bailey*, 20 Wall. 520; *Farmers' & Mechanics' National Bank* v. *Dearing*, 91 U. S. 29; *Barnet* v. *National Bank*, 98 U. S. 555; *Arnson* v. *Murphy*, 109 U. S. 238; *Fourth National Bank of New York* v. *Francklyn*, 120 U. S. 747.

The rule applied by the Circuit Court of Appeals in the case at bar is in direct conflict with previous cases.   See *Sarony* v. *Ehrich*, 28 Fed. Rep. 79, 80; *Bennett* v. *Boston Traveler Co.*, 101 Fed. Rep. 445.

The right of the defendant in error being a statutory right, the rule as stated in *Pollard* v. *Bailey*, 20 Wall. 520, 526, 527; *Barnet* v. *National Bank*, 98 U. S. 555; *Arnson* v. *Murphy*, 109 U. S. 238, controls and said rule is in no way modified by the decision in *Dennick* v. *Railroad Co.*, 103 U. S. 11, 17, relied on by the United States Circuit Court of Appeals for the First Circuit.

*Mr. H. L. Boutwell,* with whom *Mr. A. W. Levensaler* was on the brief, for defendants in error:

Original and exclusive jurisdiction in copyright and patent cases is vested in the Circuit Courts of the United States. Rev. Stat. § 629, par. 9; Rev. Stat. § 711, par. 5; see also *Walker* v. *Globe Newspaper Co.,* 140 Fed. Rep. 305, 315; Drone on Copyright, p. 546; *Harrington* v. *Atlantic & Pacific Telegraph Co.,* 143 Fed. Rep. 329; *Falk* v. *Curtis Pub. Co.,* 100 Fed. Rep. 77, 79; *Excelsior Wooden Pipe Co.* v. *Pacific Bridge Co.,* 185 U. S. 282, 291; *Littlefield* v. *Perry,* 21 Wall. 205.

Where a right, previously existing by the common law, is secured by a statute which provides no remedy for its protection, the common-law remedies are available, and where the statute prescribes penalties and forfeitures, but does not provide a remedy for damages, the common-law action for damages will lie. This rule has been applied in the interpretation of copyright statutes. Drone on Copyright, 473, 493; Sutherland on Stat. Const. 509; 7 Am. & Eng. Ency. of Law (2 ed.), 592–593; Curtis on Copyright, 313; Copinger, Law of Copyright, 247–252; Slater on Copyright, 168, 169. See also *Beckford* v. *Hood,* 7 T. R. 620; *Thompson* v. *Symonds,* 5 T. R. 41; *Cadell* v. *Robertson,* Paton's Appeal Cases, vol. 5, p. 493; *Roworth* v. *Wilkes,* 1 Camp. 94.

The plaintiff in error published a copy of the map of the defendants in error in a single issue of its paper. Immediately upon publication substantially the whole issue was distributed. When the infringement was brought to the attention of the defendants in error no substantial number of copies could be found in the possession of the plaintiff in error. Equity furnished no relief, for the purpose of the plaintiff in error had been accomplished. If this action cannot be maintained, then a copyright of a map affords the map-makers of this country no protection as against the publishers of newspapers. Are the defendants in error without a remedy?

That the law confers no right without a remedy to secure it is a maxim of the law. *Beckford* v. *Hood, supra;* 11 Ency. of

Law, 179; 1 Pom. Eq. Jur. (2d ed.), § 423; *Miller* v. *Jefferson College*, 5 Smed. & M. (Miss.) 661; *Stanley* v. *Earl*, 5 Litt. (Ky.) 282; *Robinson* v. *Steamboat Red Jacket*, 1 Michigan, 175.

The decision of the Circuit Court of Appeals for the First Circuit (140 Fed. Rep. 305) controls the question raised by the assignment of error.

The Circuit Courts of Appeals have no jurisdiction over appeals and writs of error where the only assignments of error are jurisdictional questions. *The Annie Faxon*, 87 Fed. Rep. 961; *Davis & R. Mfg. Co.* v. *Barber*, 60 Fed. Rep. 465.

Where, however, the assignments include other errors, the Circuit Courts of Appeals can determine the whole case, including the question of jurisdiction. *The Alliance*, 70 Fed. Rep. 273; *United States* v. *Sutton*, 47 Fed. Rep. 129; *Cabot* v. *McMaster*, 65 Fed. Rep. 533; and it may certify the jurisdictional question to this court. *Rust* v. *United Water Works Co.*, 70 Fed. Rep. 129; *American S. R. Co.* v. *Johnston*, 60 Fed. Rep. 503; *United States* v. *Jahn*, 155 U. S. 109.

Circuit Courts of Appeals have jurisdiction over questions touching the jurisdiction of the Circuit Courts, unless the issue has been made in the court below and certified to the Supreme Court. *Cabot* v. *McMaster*, 65 Fed. Rep. 533, 534; limited in *King* v. *McLean*, 64 Fed. Rep. 325, 327.

The provisions of the statute permit in the alternative, two methods of procedure to bring before this court the question of jurisdiction, namely:

To have the question certified directly from the Circuit Court; or to carry the whole case to the Circuit Court of Appeals and the question of jurisdiction then certified by that court to the Supreme Court.

When the unsuccessful party wishes to have the judgment or decree reviewed upon jurisdictional grounds and other grounds as well he cannot appeal to both this court and the Circuit Court of Appeals. *United States* v. *Jahn, supra; Columbus Const. Co.* v. *Crane*, 174 U. S. 600. See also *McLish* v. *Roff*, 141 U. S. 661, 667.

MR. JUSTICE DAY delivered the opinion of the court.

This case is here upon writ of error to the Circuit Court of the United States for the District of Massachusetts, upon a question of its jurisdiction to entertain a suit to recover damages for an alleged infringement of the copyright of a map.

The Revised Statutes of the United States, § 711, par. 5, give jurisdiction to the courts of the United States in cases arising under the patent right or copyright laws of the United States, exclusive of the courts of the several States. The case is one, therefore, which involves the jurisdiction of a Federal court as such.

The defendants in error, plaintiffs below, partners under the style of George H. Walker & Company, are the owners of a certain copyrighted map, known as the " map of the electric railways of the State of Massachusetts accompanying the report of the railroad commissioners." They allege that they had complied with all of the requirements of the copyright statutes of the United States, and that the defendant, Globe Newspaper Company, well knowing the premises, without the plaintiff's consent, printed and sold a large number of the copies of the copyrighted map. And the plaintiffs sought to recover damages in an action at law thus begun for the alleged infringement of the copyright.

The newspaper company demurred upon several grounds, among others:

" 1. That the statutes relating to copyrights provide no remedy by a civil action on behalf of the owner of the copyright of a map.

" 2. That the declaration confuses two separate and distinct causes of action, neither of which is authorized by the statutes relating to the copyright of maps.

" 3. That the declaration contains no allegation that any copy or copies of the alleged infringing map complained of was or were found in the possession of the defendant.

" 4. That the declaration contains no allegation that the

alleged infringing map complained of, or any copy thereof, was published with the knowledge or consent of the defendant, or any of its officers, or with any intent to evade the statutes for the protection of the copyright for a map."

Upon hearing the demurrer the Circuit Court at its February term, 1904, sustained the same, on the ground that the copyright law gave no such action, and judgment was entered for the newspaper company. 130 Fed. Rep. 594. Walker & Company took the case to the Court of Appeals, where the judgment of the Circuit Court was reversed. 140 Fed. Rep. 305. That court, holding that the declaration contained a good cause of action for money damages against the newspaper company, the cause was remanded and a new trial had in the Circuit Court, which resulted in a verdict and judgment in the sum of $250 in favor of the Walker Company against the Globe Newspaper Company. At the trial the newspaper company moved that the action be dismissed and a verdict be directed for it, on the ground that the court had no jurisdiction of the action. At the close of the plaintiff's evidence in chief the motion was renewed; the court overruled the motion and the defendant excepted. A like motion and order was made at the close of all the evidence. The court made a certificate that the denial of the motions aforesaid was based in each case solely upon the ground that the cause set forth in the declaration was one, in the opinion of the court, which arose under the copyright laws of the United States, whereof the Circuit Court of the United States had jurisdiction, and, in any event, its action was controlled by the opinion of the Circuit Court of Appeals in 140 Fed. Rep. 305. Thereupon the case came here upon the question of jurisdiction.

A preliminary objection is made that this court cannot entertain jurisdiction of this writ of error, because the case is not one which may properly come here under § 5 of the Court of Appeals Act of 1891, and it is contended that, as the case went to the Circuit Court of Appeals and that court determined it, if the present plaintiff in error wished to save the question of

jurisdiction it should have been duly certified to this court from the Court of Appeals. But we are of the opinion that this objection is untenable. The case was taken to the Circuit Court of Appeals by Walker & Company. The judgment of the Circuit Court was in favor of the newspaper company. It had no occasion to take the case to the Court of Appeals. When the Court of Appeals reversed the decision of the Circuit Court and remanded the case for trial, because of its holding that the declaration contained a cause of action in favor of Walker & Company, the Circuit Court was bound by, and of course followed, the decision of the Circuit Court of Appeals.

The newspaper company, in various forms, objected to the jurisdiction of the court as a court of the United States, because there was no such action under the copyright law as was asserted in the declaration filed against it. Its objection to the jurisdiction was overruled. It saved the question in various ways and brought it here upon an adequate certificate, raising solely the question of jurisdiction. We think we have jurisdiction of the case.

Certain propositions arising under the copyright laws are settled by the decisions of this court beyond the necessity of further discussion. In this country the right of an author to multiply copies of books, maps, etc., after publication, is the creation of the Federal statutes. These statutes did not provide for the continuation of the common-law right, but, under constitutional authority, created a new right. This was directly held in the case in this court of *Wheaton et al.* v. *Peters et al.*, 8 Pet. 590. That case has frequently been followed since, and is directly approved of in subsequent cases in this court. *Bobbs-Merrill Co.* v. *Straus*, just decided, *ante*, page 339, and the previous cases from this court therein cited.

The question in this case, therefore, is, whether in the absence of a statute to that effect, there is a common-law right of action because of the right of property created by the statute to recover money damages against infringers of a copyright. That there is no express statutory provision giving such right

of action is conceded. The Circuit Court (130 Fed. Rep. 594) was of the opinion that the question was determined adversely to plaintiffs below by the well-known case of *Wheaton* v. *Peters,* 8 Pet. *supra.* In that case the court held that there could be no relief at common.law in an action brought for the infringement of the copyright of Wheaton's reports, because of the publication, since the passage of the copyright act, of condensed reports of cases decided in the Supreme Court of the United States. It was held that there was no common law of the United States, and that for common-law rights this court looked to the State in which the controversy originated, and the court held that there was no common-law right in Pennsylvania to a perpetual copyright. And, further, held that Congress, by the copyright act of 1790, instead of sanctioning an existing right, created a new one, and said (p. 662) that " If the right of the complainant can be sustained, it must be sustained under the acts of Congress." The judgment of the court below was reversed, and the cause remanded to the Circuit Court with directions to direct an issue of fact to be examined and tried by a jury as to whether Wheaton, the author, or other person as proprietor, had complied with the requirements of the copyright act of the United States of May 31, 1790.

While we agree that the case did not necessarily decide the point made in the present case, yet the reasoning and the decree of the court decidedly favor the conclusion that Congress not only created a new right in the copyright statute, but that the remedies therein given are the only ones open to those seeking the benefit of the statutory right thereby created.

The Circuit Court of Appeals, conceding the effect of the decision in *Wheaton* v. *Peters, supra,* as to the origin of property in copyright, says:

" The property right being established, the common-law remedies attach, whether the right arises out of the common law or under a statute, unless there is something in the statute to the contrary."

And in support of this doctrine reliance is had on *Beckford* v.

*Hood,* 7 T. R. 620. That was an action on the case to recover damages for the publication of the plaintiff's book, " Thoughts upon Hunting." Neither the original nor any subsequent editions were entered in Stationers' Hall, as required by the statute. The defendant published the same work under title " Thoughts upon Hare and Fox Hunting," with plaintiff's name upon the title page.

Lord Kenyon, C. J., in the opinion delivered by him, held that the statute, 8 Anne, chap. 9, vested in authors for the periods named in the act the sole right and liberty of printing, etc., and the statute, having vested the right in the author, the common law gave the remedy by action on the case. " Of this," says Lord Kenyon, p. 627, " there could have been no doubt made if the statute had stopped there. But it has been argued that as the statute in the same clause that creates the right has prescribed ·a particular remedy, that and no other can be resorted to. And if such appeared to have been the intention of the legislature, I should have subscribed to it, however inadequate it might be thought;" and, concluding his opinion, says:

" On the fair construction of this act, therefore, I think it vests the right of property in authors of literary works for the times therein limited, and that consequently the common-law remedy attaches if no other be specifically given by the act, and I cannot consider the action given to a common informer for the penalties which might be preoccupied by another as a remedy to the party grieved within the meaning of the act."

The gist of this decision is that the statute gave the right of exclusive publication of copies, and gave the proprietor of the copyright no remedy; hence the common law supplied one.

As we shall have occasion to see, the American copyright act does give special remedies to the owner of a copyright of maps. Inadequate it may be to fully protect the property in the copyright, yet such as Congress has seen fit to give, and which it, not the courts, have power to enlarge by amendment of the statutes.

And we think an inspection of the copyright statute indicates that the purpose of Congress was not only to create the rights granted in the statute, but also to create the specific remedies by which alone such rights may be enforced. The general rule applicable in such cases was stated in *Pollard* v. *Bailey*, 20 Wall. 520:

"A general liability created by statute, without a remedy, may be enforced by an appropriate common-law action, but where the provision for the liability is coupled with the provision for a special remedy that remedy, and that alone, must be employed."

*Pollard* v. *Bailey* has been many times cited with approval and followed in this court. In *Middleton Nat'l Bank* v. *Toledo, Ann Arbor & Northern Michigan R. R.*, 197 U. S. 394, the principle was applied in an action brought outside the State of Ohio to recover the stockholders' liability given by the statutes of that State, and it was held that the action could not be maintained; that the statutory method providing for the enforcement of the right in the courts of the State must be followed. Mr. Justice Peckham, speaking for the court, said:

"The statute, under such circumstances, may be said to so far provide for the liability and to create the remedy as to make it necessary to follow its provisions and to conform to the procedure provided for therein. See *Pollard* v. *Bailey*, 20 Wall. 520, 526; *Fourth Nat'l Bank* v. *Francklyn*, 120 U. S. 747, 756; *Evans* v. *Nellis*, 187 U. S. 271."

Looking to the copyright statutes, we find a comprehensive system of rights and remedies provided. Section 4952 provides that the author, inventor, designer or proprietor of any book, map, etc., upon complying with the provisions of this section, "shall have the sole liberty of printing, reprinting, publishing, completing, copying, executing, finishing and vending the same." This is the section creating the right.

Section 4963 provides for a penalty of $100 for falsely inserting or impressing a copyright notice where no copyright has been obtained. The penalty in this section is recoverable, one-

half for the person suing for the same, and one-half to the use of the United States; and the Circuit Courts of the United States sitting in equity are authorized to enjoin the issuing, publishing or selling of articles marked or imported in violation of the copyright laws of the United States.

By § 4964 it is provided, as to books, that those who print, publish, dramatize, translate or import the same, without the consent of the proprietor of the copyright, signed in the presence of two witnesses, or who knowing the same to be so printed, published, dramatized and translated or imported, shall sell, or expose to sale any copies of such article, shall forfeit every copy thereof to the proprietor of the copyright, and shall also forfeit and pay such damages as may be recovered in a civil action by the proprietor of the copyright in any court of competent jurisdiction. Here is a specific remedy given to recover damages for books wrongfully printed or published, etc., in violation of the act. While Congress conferred this action to protect copyrighted books, for some reason it does not include the holders of copyrighted maps within its provisions.

Section 4965 relates to the owners of copyrights on maps, charts, etc., and provides for the forfeiture of plates and copies, and for the recovery of money penalties in certain cases, one-half of the penalty to go to the proprietor of the copyright, the other half to the use of the United States.

Section 4966 gives remedies for damages against those wrongfully performing or representing a dramatic or musical composition, in public, such damages to be assessed at such sum, not less than $100 for the first and $50 for every subsequent performance, as to the court may seem just, and such offending persons are declared guilty of a misdemeanor, and, upon conviction, liable to imprisonment not exceeding one year; or an injunction may be granted upon hearing, after notice to the defendant, by any Circuit Court of the United States.

Section 4967 gives an action for damages for printing or publishing any manuscript without the consent of the author or proprietor.

Section 4970 provides for injunctions in copyright cases in the Circuit and District Courts of the United States, by bill in equity, to prevent the violation of any right secured by the laws respecting copyrights, according to the course and principles of courts of equity, on such terms as the court may deem reasonable.

We think these statutes, taken together, indicate the purpose of Congress to provide a system of remedies to enforce the rights which have been granted to those who shall avail themselves of the statutes of the United States, and, in accordance therewith, become the owners of the exclusive right for a limited term to publish and multiply the copyrighted work.

To the owner of a copyright on a map is given, under § 4965, forfeiture of plates and sheets, and one-half the penalty of $1 for every sheet found in the defendant's possession; under § 4970, the right to proceed by injunction. It thus appears that Congress has prescribed the remedies it intends to give, this being true, "however inadequate," as Lord Kenyon said in *Beckford* v. *Hood, supra,* " no others can be resorted to."

We, therefore, think the Circuit Court erred in holding that it had jurisdiction of this action by virtue of the laws of the United States.

The judgment of the Circuit Court is reversed and the cause remanded to that court, with directions to dismiss the action for want of jurisdiction.

*Reversed.*