## DECORATIVE STONE CO. v. BUILDING TRADES COUNCIL OF WESTCHESTER COUNTY et al.

Circuit Court of Appeals, Second Circuit.
January 9, 1928.

No. 105.

**1. Equity ⚖︎424—Equity courts do not award, as incidental relief, damages penal in character, without statutory authority.**

Courts of equity do not award, as incidental relief, damages penal in character, without express statutory authority.

**2. Injunction ⚖︎197—Right to equitable relief against threatened loss by violation of anti-trust laws does not authorize court, as incidental to injunction, to award treble damages for past violations (Clayton Act, §§ 4, 16 [15 USCA §§ 15, 26]).**

Right to equitable relief against threatened loss by violation of anti-trust laws, provided by Clayton Act, § 16 (15 USCA § 26), cannot be interpreted broadly enough to authorize court, as incidental to its injunction, to award treble damages for past violations of anti-trust laws under section 4 (15 USCA § 15).

**3. Injunction ⚖︎197—Complainant could not recover damages for past violations of anti-trust laws in injunction suit, though he consented to have damages assessed by jury and waived demands for triplication of damages (Clayton Act, §§ 4, 16 [15 USCA §§ 15, 26]).**

In suit under Clayton Act, § 16 (15 USCA § 26), for injunctive relief against threatened loss by violation of anti-trust laws, complainant could not recover damages for past violations, though he consented to have damages assessed by jury, and waived demands for triplication of damages authorized by section 4 (15 USCA § 15), thus found, since jury summoned by chancellor does not satisfy requirement of trial by jury in common-law action, and such trial is what section 4 requires.

**4. Action ⚖︎35—Where statute creates right and prescribes remedy, statutory remedy is exclusive.**

Where statute creates right and prescribes remedy, the statutory remedy is exclusive.

**5. Monopolies ⊜⟶28(1)—Complainant's only right to damages for defendant's past violations of anti-trust laws was statutory right (Clayton Act, § 4 [15 USCA § 15]).**

Complainant's only right to damages for defendant's past violations of anti-trust laws was statutory right given by Clayton Act, § 4 (15 USCA § 15).

**6. Monopolies ⊜⟶28(9)—Disallowance of attorney's fee to complainant in equity suit for damages and to enjoin threatened loss by violation of anti-trust laws held proper (Clayton Act, §§ 4, 16 [15 USCA §§ 15, 26]).**

In suit under Clayton Act, § 16 (15 USCA § 26), for damages and injunctive relief against threatened loss for violation by defendants of anti-trust laws, allowance of an attorney's fee to complainant, as authorized by section 4 (15 USCA § 15), is incidental to statutory right to damages, and was properly denied in equity proceedings.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by the Decorative Stone Company against the Building Trades Council of Westchester County and others. From the decree rendered by the District Court (18 F.[2d] 333), complainant appeals. Affirmed.

See, also, 13 F.(2d) 123.

Pursuant to section 16 of the Clayton Act (38 Stat. 730, 737 [15 USCA § 26]), the appellant, complainant below, sued for injunctive relief against threatened loss by a violation by defendants of the anti-trust laws, and for treble damages for losses already incurred. After trial the District Judge rendered an opinion which stated that the complainant was entitled to injunctive relief, and that upon settlement of the decree counsel would be heard on the question of ordering a reference to ascertain damages. At such hearing complainant asked "for the assessment of actual damages as an ordinary incident to an equity case," and offered in that event to waive its claim for treble damage. This request was denied, and complainant then asked that a jury be impaneled to assess damages, and that the damages found by such verdict be trebled. This request was likewise denied, as was also complainant's motion for the allowance of an attorney's fee. A final decree was entered, directing that an injunction issue and that complainant recover its costs, but denying recovery in this suit of any damages, treble or actual, or of any attorney's fee. The complainant has appealed from said decree in so far only as it denied the recovery of any damages and a reasonable attorney's fee. Affirmed.

Gleason, McLanahan, Merritt & Ingraham, of New York City (Walter Gordon Merritt and John W. Simpson, 2d, both of New York City, of counsel), for appellant.

Frank P. Walsh, of New York City (Henry T. Hunt, of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above). The appellant's contentions are based upon the premise that a court of equity, having jurisdiction for the purpose of awarding an injunction, should retain the cause and afford complete relief in accordance with established equitable principles. See Cathcart v. Robinson, 5 Pet. 264, 278, 8 L. Ed. 120; Hamilton Brown Shoe Co. v. Wolf Brothers, 240 U. S. 251, 259, 36 S. Ct. 269, 60 L. Ed. 629. More concretely, appellant urges, first, that the right of action for threefold damages expressly declared in section 4 of the Clayton Act (15 USCA § 15), may be enforced as an incident to the equitable suit authorized by section 16; and, second, that, if this be not true, then there is an implied right of action for actual damages sustained by reason of conduct made wrongful by the anti-trust laws, which right may be enforced as an incident to the suit under section 16.

As to the claim for triple damages, the answer is found in the doctrine of Fleitmann v. Welsbach Co., 240 U. S. 27, 36 S. Ct. 233, 60 L. Ed. 505, where it was held that damages under section 7 of the Sherman Act (26 Stat. 209, 210 [15 USCA § 15]) could not be awarded in a shareholder's representative action in equity, inasmuch as the act contemplated that the infliction of "the penalty of triple damages" should not be enforced, "otherwise than through the verdict of a jury in a court of common law." This interpretation of the Sherman Act is equally applicable to section 4 of the Clayton Act (38 Stat. 730, 731), which is similar to and substantially a re-enactment of said section 7. The nature of the common-law remedy created by the statute in favor of persons who sustain special damage from a violation of the anti-trust laws is not affected by the fact that section 16 of the Clayton Act has given them also a right to injunctive relief against threatened loss—an equitable remedy not available to them under the Sherman Act, as was held in Paine Lumber Co. v. Neal, 244 U. S. 459, 37 S. Ct. 718, 61 L. Ed. 1256. [1, 2] The right to recover penal damages still remains a right enforceable only in a common-law action. Courts of equity do not

award as incidental relief damages penal in character without express statutory authority, as has frequently been held in copyright and patent cases. Stevens v. Gladding, 17 How. 447, 453, 15 L. Ed. 155; Livingston v. Woodworth, 15 How. 546, 559, 14 L. Ed. 809; Elizabeth v. Pavement Co., 97 U. S. 126, 138, 24 L. Ed. 1000. See, also, United States v. Bernard, 202 F. 728, 732 (C. C. A. 9). The right to equitable relief against threatened loss provided by section 16 cannot be interpreted broadly enough to authorize the court, as incidental to its injunction, to award treble damages for past violations of the antitrust laws. The reference to this section at page 29 of the Fleitmann opinion (36 S. Ct. 233) contains at least an implication to this effect. And the language of Mr. Justice Sutherland in Anderson v. Shipowners Ass'n, 272 U. S. 359, 47 S. Ct. 125, 71 L. Ed. 298, cannot be understood as asserting a contrary doctrine. His statement is merely: "This is a suit to enjoin the respondents * * * and to recover damages. Such a suit is authorized by sections 4 and 16 of the Clayton Act." We regard this as only descriptive of the general character of the suit; it furnishes no basis for the appellant's contention that he should receive treble damages in equity.

[3] It follows as of course, we think, that the doctrine of the Fleitmann Case cannot be evaded by the complainant consenting to have damages assessed by a jury and waiving demands for triplication of the damages thus found. The jury summoned by a chancellor does not satisfy the requirement of a trial by jury in a common-law action (Cates v. Allen, 149 U. S. 451, 459, 13 S. Ct. 977, 37 L. Ed. 804), and such a trial is what section 7 of the Sherman Act and section 4 of the Clayton Act require.

[4, 5] The appellant's contention that, if statutory damages may not be recovered in this suit, he should be allowed to recover compensatory damages, relies upon the common-law principle that, where a statute makes certain conduct unlawful, a person who is of the class intended to be protected, and who has sustained special damage from a violation of the statute, may maintain an action therefor. Texas & Pacific Ry. Co. v. Rigsby, 241 U. S. 33, 36 S. Ct. 482, 60 L. Ed. 874. But it is an equally well recognized principle that where, as here, a statute creates a right and prescribes a remedy, the statutory remedy is exclusive. Globe Newspaper Co. v. Walker, 210 U. S. 356, 28 S. Ct. 726, 52 L. Ed. 1096; Pollard v. Bailey, 20 Wall. 520, 527, 22 L. Ed. 376; Yates v. Jones Nat. Bank, 206 U.

S. 158, 179, 27 S. Ct. 638, 51 L. Ed. 1002. The citation of Pollard v. Bailey in the Fleitmann Case indicates that this doctrine was there thought to be applicable to section 7 of the Sherman Act. In Paine Lumber Co. v. Néal, supra, it was held that section 4 of the Sherman Act (15 USCA § 4), in providing for an injunction at the suit of government officials, impliedly negatived the right of a private person to obtain injunctive relief. By parity of reasoning, we think the remedy which the act gave for damages was also exclusive. See Wilder Mfg. Co. v. Corn Products Co., 236 U. S. 165, 174, 35 S. Ct. 398, 59 L. Ed. 520, Ann. Cas. 1916A, 118. We are of opinion, therefore, that the complainant's only right to damages was the statutory right, and that, for reasons already given, this right is not enforceable in the District Court as an incident to injunctive relief.

[6] The allowance of an attorney's fee, as authorized by section 4, is incidental to the statutory right to damages, and was properly denied in the equity proceedings.

The decree is affirmed, with costs in this court.