## HASSEL et.al. v. UNITED STATES.

Circuit Court of Appeals, Third Circuit.
July 19, 1929.

No. 3966.

Wm. T. Connor and John R. K. Scott, both of Philadelphia, Pa., for appellants.

George W. Coles, U. S. Atty., and Henry B. Friedman, Asst. U. S. Atty., both of Philadelphia, Pa.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. On a bill in equity framed and filed under section 22, title 2, of the National Prohibition Act (27 USCA § 34), the District Court, finding that the defendants were maintaining a common nuisance as defined by section 21 (27 USCA § 33), entered a final decree (a) that they

be enjoined from maintaining and continuing the nuisance, from manufacturing, keeping, selling and delivering intoxicating liquors upon the premises, from removing or interfering with the liquor or fixtures or other things and from occupying the premises for a period of a year; (b) that all beer and other cereal beverages upon the premises be forfeited to the United States; and (c) that they be destroyed.

This was the usual order made in such cases and here made on abundant evidence. But the court went further and decreed (d) that the following property be forfeited to the United States, to wit: "All machinery, engines, fixtures, vats, tanks, apparatus and equipment on the said premises needed and designed for the manufacture of beer and malt liquors"; that (e) "the United States marshal and his deputies shall take possession of the premises * * * and shall immediately dismantle them and remove and destroy all the machinery, fixtures, apparatus and equipment used and designed for the manufacture of beer and malt liquors; * * * and (f) that (he, the marshal) shall immediately close and securely lock for a period of one year from the date of this decree all the buildings upon the said premises."

The injunctive feature of the decree was made effective by locking the buildings but the mandate that certain of the property be forfeited and destroyed has been suspended pending this appeal. In this situation the defendants on this bill in equity, while formally appealing from the whole decree, have limited their specifications of error to those parts of the decree by which the court adjudged that the above described property be forfeited and ordered that it be removed and destroyed. Having thus restricted the issue, they insistently urge that in this action in equity for the abatement of a nuisance under a statute which defines the nuisance, confers jurisdiction, provides the procedure, and prescribes the remedy (sections 21 and 22, title 2), the remedy it prescribes is exclusive. They maintain that, on finding that such a nuisance exists, the court may decree that it be abated by the injunctive remedies provided and by an order that the premises shall not be occupied or used for one year, but that it cannot resort to a remedy prescribed for an altogether different proceeding under another section of the Act as a means to abate a nuisance to the exclusion of or in addition to those which the section under which the action is brought specifically prescribes.

The government, on the other hand, contends that although the proceeding to abate a nuisance by bill in equity is expressly provided and its remedy specifically prescribed by section 22, title 2, of the Act, there is another section of the Act, namely, section 25, title 2 (27 USCA § 39), which provides for the destruction of property used or "designed for the manufacture of liquor intended for use in violating" the Act. It now claims on this appeal (but did not aver in its bill in equity) that the property ordered forfeited and destroyed was property so designed with the unlawful intention to use its liquor product in violating the law and therefore in order to abate the nuisance found in this proceeding under section 22, the court may step outside of the proceeding and the section under which it was brought and avail itself of the remedy provided by section 25 for an altogether different offense.

Clearly this suit in equity was brought under section 22 of the Act, not under section 25, for the bill recites section 21 defining a nuisance and section 22 providing for its abatement by a suit in equity and makes no reference in terms or substance to section 25. It then describes the offending "premises, equipped with boilers, engines, vats, pipes, machines, railroad tracks and side crossings, loading platforms and other apparatus and paraphernalia" and avers that they (the premises) "are used and maintained as a place where intoxicating liquors * * * are manufactured, sold, kept and bartered" in violation of the law, "and that the said premises and all intoxicating liquors and property kept and used in maintaining same constitute and are a common nuisance defined and declared by section 21" of the Act. This is a good nuisance count, but it contains no averment that any of this property (real, personal and mixed) which the court decreed shall be forfeited, removed and destroyed was used or designed for the manufacture of liquor intended for use in violating the Act. Among the prayers for specific relief, aside from the usual prayers for injunction and locking the premises, was one that the marshal be commanded "forthwith summarily to abate said common nuisance * * * and for that purpose to take possession of all liquor, fixtures and property used on said premises in connection with the violation constituting said nuisance, to abide further order of this court"; but *there was no prayer for the forfeiture and destruction of the property.* The bill contained the usual prayer for general relief.

From this recital of the main aver-

ments of the bill and its pertinent prayers it will be observed that the court went beyond both the averments and the prayers when it decreed the forfeiture and ordered the removal and destruction of the machinery, fixtures, apparatus and equipment. In doing this we are constrained to find that it fell into error and for two reasons:

. The first is that no such remedy is provided by section 22, title 2, of the National Prohibition Act (27 USCA § 34), which prescribes the procedure by bill in equity for the abatement of a nuisance defined by section 21 (27 USCA § 33). Wholly without regard to what may be the general jurisdiction of district courts as courts of equity in matters pertaining to the abatement of nuisances generally, this section—the only provision of the Act on the subject—specifically provides an equitable remedy for the particular nuisance which it defines, confers jurisdiction upon any court having jurisdiction to hear and determine equity cases, directs that any case brought under this section shall be tried as an action in equity and prescribes the remedy of abatement when in such an action a nuisance of the kind defined should be found, which shall be a restraining order or injunction against its further maintenance and an order "That the room, house, building, structure, boat, vehicle, or place shall not be occupied or used for one year thereafter", and there the section stops. That the remedy in an action provided by a statute is that which it particularly prescribes, or, stated differently, where a statute defines a proceeding and prescribes a remedy, the statutory remedy is exclusive seems to be sustained by an unvarying line of judicial decisions beginning with the Supreme Court and running through both state and federal jurisdictions. Pollard v. Bailey, 20 Wall. 520, 527, 22 L. Ed. 376; Middleton National Bank v. Railroad Co., 197 U. S. 394, 25 S. Ct. 462, 49 L. Ed. 803; Globe Newspaper Co. v. Walker, 210 U. S. 356, 28 S. Ct. 726, 52 L. Ed. 1096; Wilder Manufacturing Co. v. Corn Products Co., 236 U. S. 165, 35 S. Ct. 398, 59 L. Ed. 520; Decorative Stone Co. v. Building Trades Council (C. C. A.) 23 F.(2d) 426; United States v. Auto City Brewing Co. (D. C.) 279 F. 132, 136; McFadden on Prohibition, § 437, p. 399; 25 R. C. L. § 299, p. 928; 36 Cyc. 1122, and cases cited. No authority to the contrary has come to our attention.

The government did not aver in its bill nor does it now contend that the remedy of forfeiture, removal and destruction of property decreed in this case is that defined by section 22, for it is certain that such a remedy is not within its terms. Nor does it maintain that such a remedy is within the general powers of a court of equity to enforce its decree to abate a nuisance, but insists that the court sitting in equity may avail itself of a remedy found in section 25 which provides that:

"It shall be unlawful to have or possess any liquor or property *designed* for the manufacture of liquor *intended* for use in violating this title or which has been so used. * * * A *search warrant* may issue * * * and such * * * property so *seized* shall be subject to such disposition as the court may make thereof. If it is *found* that such liquor or property was *so* unlawfully held or possessed, or had been *so* unlawfully used, the liquor, and all property *designed* for the unlawful manufacture of liquor, *shall be destroyed,* unless the court shall otherwise order."

This brings us to the second reason for the error we find in the decree, which is that section 25 has no relation to section 22 but contemplates an altogether different proceeding—an action in rem by an ordinary bill for forfeiture with its legal essentials of rightful seizure and forfeiture incurred, Daeufer-Lieberman Brewing Co. v. United States (C. C. A.) 8 F.(2d) 1, 3, 4—and provides a remedy specifically with reference to "property designed for the manufacture of liquor intended for use in violating this title or which has been so used," and this wholly without regard to a finding, or indeed to the fact, that it constitutes a nuisance. Before a court can order the destruction of property so described, it must, in a proper proceeding properly instituted and properly pleaded, find on evidence that the property in question was designed or had been used for the manufacture of liquor intended for use in violating the Act. Such a proceeding is by libel for forfeiture, describing the property, averring its rightful seizure and lawful possession by the government, and its use or designed use in the unlawful manner indicated, and a finding as a fact that the property was so designed to be used or was so used, with the added element of intention to violate the law. Manfred Feitler and Ike Danovitz v. United States, 34 F.(2d) 30 (C. C. A. 3d); Daeufer-Lieberman Brewing Co. v. United States, 8 F.(2d) 1 (C. C. A. 3d). Then, and not until then, a decree of forfeiture and that the forfeited property be destroyed may follow. In the case at bar there was no search, and no seizure except by order of the court after the bill in equity had been filed;

37

no averment and no finding that the property was designed for use or had been used for such unlawful purposes with the forbidden intention. The court decreed that the property be forfeited because it found it to be a nuisance and, to abate the nuisance, ordered that the "marshal and his deputies shall take possession of the premises * * * dismantle them and remove and destroy all the machinery, fixtures, apparatus and equipment used and designed for the manufacture of beer and malt liquors," that is, machinery, fixtures, apparatus and equipment which the court did not find had been so used or so designed for use with intention to violate the law, but machinery, fixtures, apparatus and equipment which the marshal or his deputies should find had been used or designed for the manufacture of beer or malt liquors.

We are of opinion that section 25 does not supply a remedy in an action in equity to abate a nuisance provided by section 22, and, even if it does, there was in this case no averment by the government or finding by the court that the property in question was of the character and was used with the intention that would sustain a decree for its forfeiture and destruction.

When modified by omitting the direction that the marshal and his deputies shall dismantle, remove and destroy the property designated the decree of the District Court will in all other respects be affirmed.

BUFFINGTON, Circuit Judge. In the brief of the appellant the question involved in this case is thus stated: "Did the learned Judge err in entering a decree which directed the United States Marshal to *destroy* all machinery, fixtures, apparatus and equipment now on the premises against which complaint was made?" On its part the government thus stated the question involved "under its power to abate a nuisance, may not the Court enter a decree for the *destruction* of machinery, fixtures, apparatus and equipment used in the unlawful manufacture of beer?" It will thus be seen that the destruction of machinery, etc., is the question involved in this appeal, and such destruction of machinery was sought by the bill which was directed against a building on a described lot and the machinery, etc., therein, viz.: "which common nuisance exists and now exists upon certain premises. * * * The following is a description of the premises (hereinafter referred to as 'said premises') upon which the said nuisance now exists, to-wit: All that certain brick Brewing building, Ice Plant, Ice House, and all other buildings, *together with the applications, fixtures,* *machinery, engines,* apparatus and equipment and the lot or piece of ground upon which the same are erected situated in the Township of Muhlenberg in the County of Berks and the State of Pennsylvania, *bounded and described as follows to-wit."* The bill further averred: "That the said *premises, equipped with boilers, engines, vats, pipes, machines,* railroad tracks and side crossings, loading platforms and other apparatus and paraphernalia, *are used and maintained as a place where intoxicating liquors,* as defined by section 1, title 2, of the National Prohibition Act [27 USCA § 4] are manufactured, sold, kept and bartered in violation of the provisions of the said Act and title by the above-named defendants, and that the *said premises and all* intoxicating liquors *and property kept and used in maintaining same constitute* and are a common nuisance as defined and declared by section 21, title 2 of said National Prohibition Act [27 USCA § 33]; and that the said defendants, in violation of title 2 of the said National Prohibition Act, unlawfully manufactured, kept, bartered and sold on the premises described in paragraph 4 hereof, a fermented malt liquor fit for beverage purposes." The bill prayed for the issue of process "to abate said common nuisance now existing upon said premises, and for that purpose to take possession of all liquor, fixtures, and other property used on said premises in connection with the violation constituting said nuisance, to abide the further order of this Court." It further prayed for "a decree directing that all intoxicating liquor now on said premises shall be destroyed as provided in section 25, title 2 of said National Prohibition Act." On final hearing the court found "as a fact the premises described in the bill a place wherein intoxicating liquor was manufactured in violation of the National Prohibition Act, and I find that it is a common nuisance," and further "that all of the defendants were actively connected with the operation and maintenance of the nuisance, and I find that there is reasonable ground for apprehending repetition and continuance of its illegal use." In its decree it ordered "that the United States Marshal and his deputies shall take possession of the premises described in the said bill for injunction and shall immediately dismantle, remove and destroy all the machinery, fixtures, apparatus and equipment used and designed for the manufacture of beer and malt liquors."

It is clear that the nuisance here involved was not the ground described, nor indeed the building thereon, but was the machinery and

38

fixtures used in making the beer. The court was apprehensive and found there would be "repetition and continuance of its illegal use." Under these circumstances the court could not abate—and abate means "put an end to"—the nuisance without destroying the machinery which effected the nuisance. To deny the court such power is to cripple its power to abate. In that regard I find myself in accord with the self-vindicating opinion of the court in United States v. Auto City Brewing Co. (D. C.) 5 F.(2d) 362, 363, where it is said: "Under the circumstances here presented, the destruction of the property involved is reasonably appropriate, if not necessary, to an adequate abatement of the nuisance which the defendants have been maintaining by the operation of this brewery."

Convinced as I am the decree as entered below was right and should be affirmed in its entirety, I respectfully record my dissent to any modification thereof.