**Howard BATEMAN and Marguerite B. Jones, Partners, trading as Ernest Jones Co.,**

v.

**FORD MOTOR COMPANY.**
**Civ. A. No. 30743.**

United States District Court
E. D. Pennsylvania.
Jan. 23, 1962.

Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for plaintiffs.

Dilworth, Paxson, Kalish, Kohn & Dilks, Philadelphia, Pa., for defendant.

JOHN W. LORD, Jr., District Judge.

The plaintiffs, trading as Ernest Jones Co., are before this court seeking injunctive relief. The Ernest Jones Co. is a dealership which sells and services Ford Motor Co. products by virtue of a franchise agreement between the parties. The franchise has existed in the plaintiffs or their predecessors in title since 1933. At this time the defendant wishes to terminate the agency relationship, and has already given notice to that effect.

The franchise agreement makes provisions for termination by two alternatives: One, the parties can terminate their agreement without cause after notice given of 120 days; and two, if cause is shown, the franchise can be terminated after notice of 90 days.

The Complaint sets forth two counts. The first count avers a cause of action under the Dealer's Day in Court Act, 15 U.S.C.A. §§ 1221–1225. The second count is based on an alleged violation of the Robinson-Patman Act.

The defendant, Ford Motor Co., strongly disputes the power of this court to issue injunctive relief and has filed a Motion to Dismiss the first count of the complaint insofar as it requests an injunction.

As stated, the question now for determination is whether or not this court has the power to grant equitable relief in a suit for damages founded on an alleged violation of the Automobile Dealer Franchise Act of 1956. 15 U.S.C.A. §§ 1221–1225.

This Act (also known as the Dealer's Day in Court Act) was passed by Congress as a supplement to the anti-trust laws

" * * * to balance the power now heavily weighted in favor of automobile manufacturers, by enabling franchise automobile dealers to bring suit in the district courts of the United States to recover damages sustained by reason of the failure of automobile manufacturers to act in good faith in complying with the terms of franchises or in terminating or not renewing franchises with their dealers." (Preamble, 15 U.S.C.A. §§ 1221–1225).

The Act offers the remedy of damages for any abuse of the manufacturer-dealer relationship which would be characterized as bad faith after suit thereon. The cause of action section of the Act is specific and states:

"An automobile dealer may bring suit against any automobile manufacturer engaged in commerce, in any district court of the United States in the district in which said manufacturer resides, or is found, or has an agent, without respect to the amount in controversy, and shall recover the damages by him sustained and the cost of suit by reason of the failure of said automobile manufacturer from and after [the passage of this Act] to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating, canceling, or not renewing the franchise with said dealer * * * " 15 U.S.C.A. § 1222.

Did Congress, in passing this Act, intend that the district courts have the power to grant an injunction while suits praying for damages were pending? This problem is one of first impression in that there is no reported case of a court being requested or granting an injunction under the Act. The few recorded cases merely tend to establish only the burden the plaintiff has to justify recovery.

The Dealer's Day in Court Act has been codified in the volumes dealing with commerce. Congress introduced the substantive portions of the Act by citing its objective viz., "To supplement the

antitrust laws of the United States * * * " (Preamble, 15 U.S.C.A. §§ 1221–1225). As in other antitrust legislation, the Congress considered private antitrust suits as a definite part of the broad enforcement policy. Such suits aim to enlist the business public as allies of the Government in enforcing the antitrust laws. The Supreme Court stated:

> " * * * It is clear that Congress intended to use private self-interest as a means of enforcement * * * when it gave to any injured party a private cause of action * * * " Bruce's Juices Inc. v. American Can Co., 330 U.S. 743, at 751, 67 S.Ct. 1015, at 1019, 91 L.Ed. 1219 (1947).

While it is clear that Congress intended the public to be an ally, the alliance in many cases was circumscribed by specific provisions of the various Acts. The venerable Sherman Anti-Trust Act, prior to the enactment of § 16 of the Clayton Act in 1914, gave no right to a private party to seek injunctive relief. Paine Lumber Co. v. Neal, 244 U.S. 459, 37 S.Ct. 718, 61 L.Ed. 1256 (1916). Thus, the Supreme Court would not allow judicial legislation to provide a power to grant injunctive relief where only the right of treble damages existed by Congressional expression. In the instant case, the Act specifies a *suit for damages* for any act of bad faith" * * * in terminating, canceling, or not renewing the franchise with said dealer * * * " (15 U.S.C.A. § 1222).

■ Where Congress has provided a remedy in a statute which by its terms creates a cause of action where none previously existed, the statutory remedy is exclusive and no other relief is available. Globe Newspaper Co. v. Walker, 210 U.S. 356, 28 S.Ct. 726, 52 L.Ed. 1096 (1908); Hassel v. United States, 34 F.2d 34 (3rd Cir. 1929).

In the Hassel case the Court of Appeals for the Third Circuit aptly stated the rule of law.

> " * * * where a statute defines a proceeding and prescribes a remedy, the statutory remedy is exclusive seems to be sustained by an unvarying line of judicial decisions beginning with the Supreme Court and running through both state and federal jurisdictions. * * * " (at p. 36).

That the Act before this court creates a new cause of action by the franchised dealer against the manufacturer seems clear. The overwhelming bargaining power of the manufacturer made the franchise agreement subject to the whim and caprice of the manufacturer. Thus, Congress, in an attempt to put the parties on an equal footing, passed this Act providing a remedy of damages where bad faith was exhibited by the manufacturer to the dealer. But Congress neglected to provide for any additional remedy while the damage suit was pending. Either Congress had not recalled the Supreme Court's treatment of the injunction-deficient Sherman Act; or, the legislators did not wish to provide the powerful remedy of injunction in this cause of action. Whatever be the case, this court is of the opinion that it should not read into the Act a right to injunction for the plaintiff.

This court realizes that the franchise is a valuable property right, but it seems that the Act construed here does not provide the clarity necessary for this court to determine that the plaintiff has a right for injunctive relief.

This court cannot agree with plaintiff that this question is to be answered by recourse to the general equity powers inherent in the district court as restated by Judge Maris in Crosley Corporation v. Hazeltine Corporation, 122 F.2d 925 (3rd Cir. 1941). It is true that the Judiciary Act, § 11, as continued in the Judicial Code, 28 U.S.C.A. § 41, does prescribe equity powers for the courts of the United States as it existed in England "at the time our government was established." However, we consider recourse to such powers unjustified in the instant case.

■ Congress in enacting the statute here in question, has stated in spe-

cific terms therein the relief to be granted. Thus this court feels itself foreclosed from granting an injunction—a remedy not provided in the Act—where Congress has created the innovation of a cause of action in a situation where none existed before. In such case, the remedy provided must be taken as exclusive.

Accordingly, for the reasons stated above, the Defendant's Motion to Dismiss is hereby Granted and it is So Ordered.