BOWLES, Adm'r, Office of Price Administration, v. SKAGGS.

No. 140.

District Court, W. D. Kentucky.

Feb. 10, 1945.

Fritz Krueger, Dist. Litigation Atty., Office of Price Administration, of Mount Vernon, Ky., for plaintiff.

Dodd & Dodd, of Louisville, Ky., for defendant.

SWINFORD, District Judge.

This case is before me on the defendant's motion to dismiss the complaint.

It is alleged that on the 29th day of January, 1944, the defendant sold a used, household Westinghouse refrigerator, Model LS–6–40–1, Style 991794, Serial Number WA 754122, Unit Model No. 4091364(1940), to J. W. London, of Horse Cave, Kentucky, for $352.50; that at the time of the sale Maximum Price Regulation No. 139, revised, was in effect. The sale price for this refrigerator was $76.83. Thus there resulted a violation of Maximum Price Regulation No. 139, revised, and the purchaser was overcharged the sum of $275.67.

The Administrator, in this proceeding, seeks to require the defendant to refund to J. S. London the amount of overcharge and to recover the costs of this action and prays for "such other and further relief as the plaintiff may show himself entitled".

A determination of this motion requires a construction of pertinent provisions of the Emergency Price Control Act of 1942. The defendant contends that the Administrator is without capacity to bring this proceeding; that the only party who can bring the proceeding is the purchaser. For his jurisdiction to bring this action, the plaintiff relies upon section 205(a) of the Act, 50 U.S.C.A. Appendix, § 925(a). This section reads as follows:

"(a) Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provision of section 4 of this Act (section 904 of this Appendix), he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond."

It is urged that by the language, "or other order shall be granted without bond", that the Congress intended to provide a means whereby the Administrator could institute such an action and the court could place the parties in status quo. That is the practical result of granting the prayer of the complaint.

In determining the authority of the Administrator to maintain such an action, it is necessary to consider the other provisions of the Emergency Price Control Act. Section 205(e) provides:

"(e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. * * * If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States."

By an Amendment of June 30, 1944, c. 325, Title I, sec. 108, 58 Stat. 640, 50 U.S.C.A.Appendix, § 925(e), the Congress provided as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer either fails to institute an action under this subsection within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the Administrator may institute such action on behalf of the United States within such one-year period. If such action is instituted by the Administrator, the buyer shall thereafter be barred from bringing an action for the same violation or violations."

Upon a reading of these sections of the Act I must conclude that for violations prior to the effective date of the Amendment of June 30, 1944, the Administrator had no authority to institute an action as contemplated in this proceeding and since the sale, as alleged in the complaint, was on January 29, 1944, the motion to dismiss should be sustained.

It seems clear that subsection (a) gives the Administrator authority to proceed to

enjoin acts or practices in violation of the regulations. It is evident that the Congress had in mind regular business operations where sales were being regularly made and did not intend to include isolated transactions, not in the usual course of business or trade. Subsection (e) prior to the Amendment gave a right to the purchaser to institute proceedings to recover damages for $50 or for treble the amount of the consideration exceeding the maximum price. But the purchaser was the only person authorized to institute such proceedings and the Administrator had nothing to do with it unless the transaction was one in which the buyer was not entitled to sue. The buyer was not authorized to sue where the commodity was sold in the course of trade or business. In that event the Administrator could institute the proceeding. Since this is admittedly a sale not in the course of trade or business but is an isolated transaction for the consumption and personal use of the buyer, only the buyer had a right of action.

The Congress recognized this condition and evidently determined that there were too many isolated transactions and that purchasers declined to take advantage of the special provisions of subsection (e) and thereupon enacted the Amendment of June 30, 1944.

This question is jurisdictional. Had Congress intended that the Administrator could ask for mandatory relief, it would have expressly said so and not left such an important jurisdictional question to be read into the loose phrase, "or other order". It is obvious to me that this language is used only in connection with the provision that a permanent or temporary injunction or restraining order may be issued. That is, to give the court that is asked to grant such temporary or permanent injunction or restraining order sufficient leeway to make the order practicable and understandable in its application and to leave it open to modification and change by its provisions.

To grant mandatory relief under any circumstances is calling upon the court to exercise its greatest equity jurisdiction and if it is intended that such authority is given, the language should be explicit and direct and not subject to more than one interpretation. The language on which the Administrator here relies can certainly not be said to meet this test.

Upon oral arguments in this case, and in briefs, counsels for both the plaintiff and defendant state that this is a case of first impression; that there has been no court ruling on the exact point raised here. I feel, however, that the Supreme Court of the United States, in the case of Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 591, 88 L.Ed. 754, in construing section 205(a) had something of the construction I have given that section here in mind. I quote the following language:

"For the requirement is that a 'permanent or temporary injunction, restraining order, or other order' be granted. Though the Administrator asks for an injunction, some 'other order' might be more appropriate, or at least so appear to the court. Thus in the present case one judge in the Court of Appeals felt that the District Court should not have dismissed the complaint but should have entered an order retaining the case on the docket with the right of the Administrator, on notice, to renew his application for injunctive relief if violations recurred. It is indeed not difficult to imagine that in some situations that might be the fairest course to follow and one which would be as practically effective as the issuance of an injunction. Such an order, moreover, would seem to be a type of 'other order' which a faithful reading of § 205(a) would permit a court to issue in a compliance proceeding. However that may be, it would seem clear that the court might deem some 'other order' more appropriate for the evil at hand than the one which was sought."

I must conclude that the article purchased was for use or consumption other than in the course of trade or business; that the purchaser could have brought an action; that the Administrator had no right to bring this action therefore under section 205(e).

The only provision under which the Administrator could proceed would be section 205(a), but it was not the intention of the Congress, by using the language "or other order", to authorize the court to issue the mandatory relief which the prayer of the complaint asks.

An order sustaining the motion to dismiss is this day entered.