FLEMING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. ALDERMAN et al.

Civil Action No. 567.

District Court, D. Connecticut.
Aug. 13, 1943.

Irving J. Levy, Acting Sol., John K. Carroll, Regional Atty., and Irving Rozen,

Sr. Atty., U. S. Department of Labor, all of New York City, for plaintiff.

Joseph Weiner, of New Haven, Conn., for defendants.

HINCKS, District Judge.

This is a civil action instituted by the Administrator of the Wage and Hour Division by an application that the respondents be adjudged guilty of contempt of court and that they be punished and sentenced therefor.

The facts, which were undisputed, are as follows: On March 13, 1941, on a complaint by the Administrator a consent decree was entered by this court which included, inter alia, an order requiring the defendants therein (the respondents here) to pay to all their employees employed since October 24, 1938, amounts equal to the difference between the amounts theretofore actually paid and the amounts to which said employees were entitled under Sections 6 and 7 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 206, 207, said payments to be made in four equal monthly installments and the total amount of said payments (designated as "restitution" in a stipulation between the parties which by consent was incorporated in the decree) to be determined on a basis of schedules to be prepared by the defendants and approved by the plaintiff whose findings on the amounts to be paid was to be final and binding. Such schedules were accordingly prepared showing total payments due from the defendants as aforesaid in the aggregate sum of $1,711.21. Thereafter certain payments were made and credits allowed as a result of which the total due was reduced to $839.-60 which still remains unpaid in violation of the court's order.

When called upon to show cause why they should not be found guilty of contempt, the respondents sought to justify their conduct only by a motion that the original judgment of the court in so far as it required them to make the payments set forth above be vacated upon the ground that the court lacked jurisdiction to enter such an order. Their contention is that the order was void for lack of jurisdiction and hence that their non-compliance did not constitute contempt of court.

The respondents' motion must be denied. For this court had jurisdiction under Section 17 of the Act, 29 U.S.C.A. § 217, to restrain violations of Sections 6 and 7. Under Section 16 of the Act, 29 U.S.C.A. § 216, it has jurisdiction to punish violations of Sections 6 and 7 as criminal offenses and to award damages resulting from violations of Sections 6 and 7 in civil actions brought by employees. Plainly the court had a broad jurisdiction over the general subject-matter of such violations. And its jurisdiction over the persons of the defendants was unquestioned; they appeared and consented in writing to the decree. Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587; Fleming v. Warshawsky & Co., 7 Cir., 123 F. 2d 622.

And if the court had jurisdiction as just described, the respondents may not now be heard to complain of any supposed error in the order. This proposition also is sustained by the cases cited. See, also, Securities and Exchange Comm. v. Jones, 2 Cir., 85 F.2d 17; United States v. Swift & Co., 286 U.S. 106, 117, 52 S.Ct. 460, 76 L.Ed. 999; and Howat v. Kansas, 258 U.S. 181, 42 S.Ct. 277, 66 L.Ed. 550.

To a contrary effect is Fleming v. Miller, D.C., 47 F.Supp. 1004, 1008, upon which respondents largely rely. But that decision in my view, rests upon a jurisdictional test too narrow. The court said: "Since Section 17 [of the Fair Labor Standards Act] does not authorize the court expressly to order the payment of back wages in actions brought under that section, those awards can be granted only as a result of the equity court's power to grant incidental relief." And apparently it was thought that the court sitting in a statutory proceeding under the Act was invested only with the jurisdiction expressly conferred by the Act and must view itself for purposes of the statutory proceeding as shorn of its general equitable jurisdiction. Throughout, the decision is predicated upon some distinction between jurisdiction with respect to back wages and jurisdiction with respect to wages accruing in the future.

I find no basis for this distinction in the Act. Section 17 authorizes injunctions to restrain "violations" of Section 15, into which Sections 6 and 7 are incorporated by express reference. It contains no language which limits its effect to violations with respect to wages earned thereafter.

Section 6 provides: "Every employer shall pay", etc. It can be violated only by failure to discharge the affirmative duty

created by the Act. And violations can be enjoined only by ordering payment. Whether the injunction shall be couched in the awkward verbiage of a double negative ("You are enjoined from failing to pay"), or by affirmative mandatory language ("You are ordered to pay"), is wholly without legal significance.

■ Since the statutory obligation is to "pay", it is not discharged until payment is completed. Indeed, Section 16 by creating a private right of action for "unpaid minimum wages" unmistakably recognizes the continuing nature of the obligation. And since the obligation continues until discharged, it would appear to me that the failure to pay is likewise a continuing violation and as much within the purview of Section 17 as the failure to pay on the due date.

But even if these views be erroneous, the cases cited above show that the point may not be raised at this late date, especially in view of the respondents' earlier consent to the order.

The plaintiff may, therefore, submit for entry a decree recording the denial of the respondents' motion, adjudging the respondents guilty of contempt, and providing that unless the contempt be purged by compliance with the original order within ten days after the entry of the decree, an order for their commitment shall issue.