**WALLING, Adm'r of Wage and Hour Division, U. S. Dept. of Labor, v. O'GRADY et al.**

No. 124.

Circuit Court of Appeals, Second Circuit.

Dec. 29, 1944.

Douglas B. Maggs, Sol., and Bessie Margolin, Asst. Sol., both of Washington, D. C., Irving Rozen, Regional Atty., of New York City, and Edward D. Friedman, of Washington, D. C., for L. Metcalfe Walling, Administrator, plaintiff-appellant.

Aaron E. Koota, of New York City, for John J. O'Grady, Executor, et al., defendants-appellees.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On August 27, 1942, the defendants discharged an elevator operator whom they employed in a building which they owned at No. 100 East 37th Street, in New York City. He had been employed for some four years before his discharge which was found to have been because he had sued the defendants on August 19, 1942 in the Municipal Court of the City of New York under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C.A. § 216(b) to recover back wages which he claimed to be owing by virtue of Section 7 of that Act, 29 U.S.C.A. § 207. On November 16, 1942 he obtained other employment.

The Administrator of the Wage and Hour Division thereupon brought the present suit to enjoin the defendants from continuing to violate the provisions of Section 15(a) (3) of the Fair Labor Standards Act, 29 U.S.C.A. § 215(a) (3), and to require them to offer the employee reinstatement of his former position and to make him whole for loss of wages.

Upon the facts we have recited the trial court found that the defendants had violated Section 15(a) (3) of the Act which makes it unlawful: "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to sections 1 to 19 of this title * * *."

The trial court issued a mandatory injunction requiring the defendants to offer the employee reinstatement to his former position but held that it was without authority to grant the further relief of ordering back pay. From such part of the judgment as denied back pay, the Administrator has appealed. The correctness of the judgment in granting injunctive relief and reinstatement is not questioned. We think the decision as to back pay was wrong and that the judgment to that extent should be reversed.

The District Court obtained jurisdiction of this suit under Section 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 217. That section authorized it to restrain violations of Section 15, one violation specified in which was a discriminatory discharge prohibited by subdivision 3. The trial judge held that he could not grant back pay be-

cause there was nothing in the Act providing for back pay or allowing damages for a discriminatory discharge. But such a discharge was unlawful by Section 15(a)(3) and an injunction to prevent its continuance would have been proper under Section 17 as soon as the discharge took place. It seems unreasonable to suppose that the failure immediately to prevent it left the employee without remedy for loss of wages in the meantime and that the provisions for an injunction and for fines for disobedience of the Act are to be taken as nullifying any other remedy for the wrong. It is probable that the employee could have brought an individual action for loss of wages but such an action would not furnish a remedy adequate for such cases. The amount involved ordinarily would be small and the expense of recovery disproportionate and it seems more in accord with the spirit of sound labor legislation to allow the Administrator to restore all the rights of an employee in a single action instead of requiring one action for an injunction and reinstatement by the Administrator and another by the employee for loss of ad interim wages. We can see little difference between giving reparation to an employee for loss of wages as ancillary to injunctive relief against withholding employment and giving back pay where an injunction for reinstatement has been violated as the court did in Texas & N. O. R. Co. v. Brotherhood of Ry. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034. Cf. Phelps Dodge Corporation v. National Labor Relations Board, 313 U.S. 177, 188, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217. In each case such reparation is necessary to restore the status quo interfered with by the unlawful conduct of the employer and in neither case is there a statutory mandate spelling out all the details of relief necessary for the purpose in hand. In Texas & N. O. R. Co. v. Brotherhood of Ry. Clerks, supra, back pay was allowed as an inherent power of a court of equity necessary in order to enforce an injunction. In the case at bar it would seem to be a necessary power adequately to carry out the prohibition of the Fair Labor Standards Act against a discriminatory discharge. This is in accord with the opinion of Judge Woodrough in Walling v. Miller, 8 Cir., 138 F.2d 629 at p. 633, and that of Judge Hincks in Fleming v. Alderman, D.C.Conn., 51 F.Supp. 800, 801.

There can be no doubt that the right of the Administrator to enforce payment of wages lost by the discharge would promote the purposes of the Act for, with the assurance of such aid, the employee would feel more free than otherwise to sue his employer under Section 16(b) for overtime and to take the risk of temporary loss of wages if he should be improperly discharged.

The possession by the employee of a right to sue for back pay does not preclude a right of the Administrator. The latter represents not merely the employee but asserts a public interest which is promoted by requiring back pay as well as reinstatement. Walling v. Miller, 8 Cir., 138 F.2d 629 at p. 633. In this respect the situation in the case at bar differs from that in Decorative Stone Co. v. Building Trades Council, 2 Cir., 23 F.2d 426, certiorari denied 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005, where we held that a company seeking an injunction under the Clayton Act, 38 Stat. 730, for violation of the anti-trust laws could not recover penal damages in that suit but must resort to a common law action. There separate remedies were specified for the injured person in the statutes and were held by us to be exclusive. Here the employee is not seeking an individual remedy awarded to him under the statute but the Administrator is asking to have the status of the employee restored, which can only be accomplished by reinstatement, payment of lost earnings and injunctive relief against future wrongs.

The decree dismissing for lack of power the part of the Administrator's complaint requesting reparation of monetary loss caused by the unlawful discharge of the employee is reversed and the cause remanded to the District Court in order that the latter may determine what relief in the way of restoration of back pay is appropriate.