McCOMB v. FRANK SCERBO & SONS, Inc. et al.

Civ. No. 40-167.

United States District Court
S. D. New York.

Oct. 13, 1948.

458

William S. Tyson, Sol., of Washington, D. C., John A. Hughes, Regional Atty., and Joseph D. Breitbart, Senior Atty., both of New York City, United States Dept. of Labor,. for plaintiff.

Leo Guzik, of New York City (Leo Guzik, and Murray W. Neitlich and Michael J. Kunstler, all of New York City, of counsel), for defendants.

MEDINA, District Judge.

In an action by the Wage and Hour Division Administrator for an injunction restraining defendants from violating the provisions of Sections 15(a) (1), 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. §§ 201 et seq., plaintiff moves for summary judgment. The facts have been stipulated; defendants have consented to the issuance of a permanent injunction restraining the defendants from further violations of the Act; and the sole question involved is the legality and propriety of including in the judgment a direction "that said defendants make reparation to their employees in the amounts due to them by reason of the violations of the Act set forth herein." The Administrator does not ask that reparation include the amount of liquidated damages under Section 16(b) which the employees themselves might sue for. While the Administrator, since at least as early as 1941, Ann. Rep.

W. & H. Div. 45 (1941), has claimed the right to obtain such relief, and the question has been discussed in connection with the enforcement of consent decrees which included a direction for reparation, cf. Walling v. Miller, 8 Cir., 1943, 138 F.2d 629, it is said that this is the first time the Administrator has affirmatively applied for such relief in a contested proceeding.

■■ That a court of equity, in the exercise of its traditional powers, may, once having jurisdiction over the cause, determine all matters at issue and make a final decree granting full relief is elementary. Alexander v. Hillman, 1935, 296 U.S. 222, 242, 243, 56 S.Ct. 204, 80 L.Ed. 192; McGowan v. Parish, 1915, 237 U.S. 285, 296, 35 S.Ct. 543, 59 L.Ed. 955; Cathcart v. Robinson, 1831, 5 Pet. 264, 278, 8 L.Ed. 120 1 Pomeroy, Equity Jurisprudence §§ 181, 231, 232 (5th Ed. 1941). Cf. Porter v. Warner Holding Co., 1946, 328 U.S. 395, 398, 399, 66 S.Ct. 1086, 90 L.Ed. 1332. Injunctions under both English and American law are not confined to the prevention of future wrongs, but may require restoration of the status quo and payment of damages. Pierpont v. Fowle, C.C.D.Mass. 1846, 19 Fed.Cas. page 652, No. 11,152; Henderson v. New York Central R. R., 1879, 78 N.Y. 423, 436–439; see Watson v. Hunter, N.Y.Ch. 1821, 5 Johns.Ch. 169, 170, 171, 9 Am.Dec. 295; Jesus College v. Bloom, 3 Atk. 262, 263, 26 Eng.Rep. 953, 954 (Ch. 1754), s. c. Ambler 54, 55, 27 Eng.Rep. 31. 1 Pomeroy, Equity Jurisprudence § 236a and n. 3 (5th Ed. 1941); 2 Story, Equity Jurisprudence § 1182 (14th Ed. 1918).

It is argued, however, that the statutory injunction provided by Sections 11(a) and 17 of the Act falls in a different category. Defendants refer to cases which hold that, where a statute creates a new right and simultaneously therewith prescribes the remedy for its enforcement, the statutory provisions are exclusive, United States v. Babcock, 1919, 250 U.S. 328, 331, 39 S.Ct. 464, 63 L.Ed. 1011; Pollard v. Bailey, 1874, 20 Wall. 520, 527, 22 L.Ed. 376; Decorative Stone Co. v. Building Trades Council of Westchester County, 2 Cir., 1928, 23 F.2d 426, 428, and contends that the Dis-

trict Courts in restraining violations of Section 15 pursuant to the jurisdiction conferred by Section 17 of the Act are shorn of their general equitable jurisdiction and are accordingly without power to restore the status quo.

Moreover, it is insisted that the action by the Administrator is in substance an action to recover amounts due to employees because of failure to pay minimum wages or unpaid overtime compensation, whereas such an action may only be maintained by the employee himself or some one suing on his behalf and in accordance with the terms of the statute as amended.

▆ Plaintiff relies strongly on Walling v. O'Grady, 2 Cir., 1944, 146 F.2d 422, as giving me power to direct reparation. Defendants attempt to distinguish the case by pointing out that the action there had to do with a violation of Section 15(a) (3) of the Act prohibiting the discriminatory discharge of an employee, and that, in the case of discharge, the Act contains no provision specifically authorizing the employee to sue. But in line with the rule that members of a class protected by a statute who are injured by a violation of it may bring a common law action for damages even where the statute fails to provide any specific action to recover damages for its breach, Texas & New Orleans R. R. v. Brotherhood of Railway & Steamship Clerks, 1930, 281 U.S. 548, 569, 570, 50 S.Ct. 427, 74 L.Ed. 1034; Marbury v. Madison, 1803, 1 Cranch 137, 162, 163, 2 L.Ed. 60; Bullard v. Bell, C.C. D.N.H. 1817, 4 Fed.Cas. 624, 639, 640, No. 2,121, it seems sufficiently clear that the discriminatorily discharged employee could have sued for back wages without specific statutory authorization. See 146 F.2d at page 423. It may well be that the specific authorization to sue contained in Section 16(b) was inserted because of the provision concerning "an additional equal amount as liquidated damages" and because of the provisions relative to actions brought by others on behalf of the employee or employees who had been wronged. Whether or not this be so, the Act made it wrongful for an employer to fail to pay the minimum wage or to withhold earned overtime compensation; and, in either case, the employee might have sued to recover, without any specific authorization in the Act itself.

The pattern of the statute seems to place the violation of the provisions of Section 15(a) (2), which are the ones involved herein, upon precisely the same basis as violations of Section 15(a) (3). There would seem to be no more reason for including in an injunction a provision for back pay than one for so-called reparation or payment of sums justly due but withheld by the employer.

I do not find Walling v. O'Grady, 2 Cir., 1944, 146 F.2d 422, distinguishable. The Court's reasoning there seems conclusive on the question of my power to order reparation. The Court held, 146 F.2d at page 423:

"It is probable that the employee could have brought an individual action for loss of wages but such an action would not furnish a remedy adequate for such cases. The amount involved ordinarily would be small and the expense of recovery disproportionate and it seems more in accord with the spirit of sound labor legislation to allow the Administrator to restore all the rights of an employee in a single action instead of requiring one action for an injunction and reinstatement by the Administrator and another by the employee for loss of ad interim wages. We can see little difference beween giving reparation to an employee for loss of wages as ancillary to injunctive relief against withholding employment and giving back pay where an injunction for reinstatement has been violated as the court did in Texas & N. O. R. Co. v. Brotherhood of Ry. [& S. S.] Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034. Cf. Phelps Dodge Corporation v. National Labor Relations Board, 313 U.S. 177, 188, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217. In each case such reparation is necessary to restore the status quo interfered with by the unlawful conduct of the employer and in neither case is there a statutory mandate

spelling out all the details of relief necessary for the purpose in hand. In Texas & N. O. R. Co. v. Brotherhood of Ry. [& S. S.] Clerks, supra, back pay was allowed as an inherent power of a court of equity necessary in order to enforce an injunction. In the case at bar it would seem to be a necessary power adequately to carry out the prohibition of the Fair Labor Standards Act against a discriminatory discharge. This is in accord with the opinion of Judge Woodrough in Walling v. Miller, 8 Cir., 138 F.2d 629, at page 633, and that of Judge Hincks in Fleming v. Alderman, D.C.Conn., 51 F.Supp. 800, 801.

"There can be no doubt that the right of the Administrator to enforce payment of wages lost by the discharge would promote the purposes of the Act for, with the assurance of such aid, the employee would feel more free than otherwise to sue his employer under Section 16(b) for overtime and to take the risk of temporary loss of wages if he should be improperly discharged."

The opinion of Judge Woodrough thus approved deals precisely with the matter now in question. While his colleagues based their decision upon the fact that the consent decree precluded discussion of the merits, Judge Woodrough stated, 138 F.2d at page 633: "* * * I think the powers vested in the district courts by the Fair Labor Standards Act to restrain violations of its provisions include the power to enter mandatory injunctions at the instance of the Administrator requiring employers to pay up any deficiencies they are shown to be unlawfully withholding from employees in violation of the Act at the time of the entry of decree against the employer."

While it is insisted that Judge Hincks placed his decision in Fleming v. Alderman, D.C.D.Conn. 1943, 51 F.Supp. 800, on a different ground, an examination of the opinion indicates the contrary. Thus he said, 51 F.Supp. at page 802: "And since the obligation continues until discharged, it would appear to me that the failure to pay is likewise a continuing violation and as much within the purview of Section 17 as the failure to pay on the due date."

See also Recent Case, 60 Harvard Law Review 470, 471 (1947).

■ The fact that different views have been expressed by the Court of Appeals for the Fifth Circuit, Jacksonville Paper Co. v. McComb, 1948, 167 F.2d 448, 450; Walling v. Crane, 1946, 158 F.2d 80, 84, does not authorize me to fail to follow the reasoning of my own Circuit Court, even if I were disposed to do so, which I am not.

■ In concluding that I have the power to order reparation, I have not found it helpful to rely on other statutes. Even the section of the OPA act which furnishes the closest analogy, 50 U.S.C.A.Appendix § 925(a), and which has been held to authorize the inclusion of restitution provisions in injunctions against violation of the Act, Porter v. Warner Holding Co., 1946, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332, contains language significantly different from Sections 11(a) and 17 of the Fair Labor Standards Act.

■ Having thus determined that there is jurisdiction and power to issue the injunction in accordance with the prayer for relief contained in the complaint, I turn now to the question of whether, as matter of discretion, such a direction should be made. One circumstance favoring discretionary denial of reparation is that there is nothing to indicate that these defendants are recalcitrant or defiant employers with a long record of deliberate and willful violations of the text and spirit of the Act. It is at least arguable that their failure to comply was due to a sincere belief that the amount of their shipments out of the State of New York was so trifling as to warrant a finding that they were not engaged in interstate commerce. In any event, they have now admitted the violations, stipulated the facts and consented that an injunction against future violations issue. Another circumstance, of even greater importance, is the fact that the Congress in the Portal-to-Portal Act of 1947, 29 U.S.C.A. §§ 251 et seq., has not only established a short statute of limitations, but has destroyed certain existing claims. 29 U.S.C.A. § 252; 93 Cong.Rec. 2123–2134 (1947); Note, Constitutionality of the Portal-to-Portal Act, 47

Columbia Law Rev. 1010, 1012 (1947). The general policy of the Portal-to-Portal Act of 1947 was, among other things, to limit the potential retroactive liability of employers which it was found had created "great difficulties in the sound and orderly conduct of business and industry." 29 U.S. C.A. § 251(a). In any event, the policies of the Congress evidenced by the enactment of the Portal-to-Portal Act of 1947 seem plainly to be entitled to consideration in the formulation of the decree herein.

At the same time I am not unmindful of the salutary purposes of the Fair Labor Standards Act and the fact that the defendants, no matter how innocently they violated the Act, have been enriched by not paying the wages it requires. Therefore, in the exercise of my discretion under the circumstances of this particular case, and balancing the competing factors of achieving the situation which would have existed had not defendants violated the law and of setting at rest employee claims which Congress found disquieting, I shall include in the decree some provision that defendants pay their employees the amounts which the employees could have sued for at the time the Administrator commenced this action. While it is argued that the causes of action of the employees for unpaid minimum wages and unpaid overtime compensation and the liquidated damages prescribed by Section 16(b) of the Act are single and indivisible, Fleming v. Post, 2 Cir., 1944, 146 F.2d 441, 158 A.L.R. 1384; Rigopoulos v. Kervan, 2 Cir., 1943, 140 F. 2d 506, 151 A.L.R. 1126, it is not perceived that any very considerable inconvenience or prejudice can result from including in this decree such a provision.

Accordingly, the motion for summary judgment is granted. The decree will provide that defendants pay the employees enumerated in the appendices to the stipulation of June 30, 1947 annexed to the moving papers the amounts stated therein, amounts already outlawed at the time of the commencement of this action by the provisions of the Portal-to-Portal Act of 1947 being excluded.

Settle order on notice.