James P. MITCHELL, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

ROBERT DE MARIO JEWELRY, INC.,
a Corporation, and Robert DeMario,
an individual, Defendants.

Civ. A. No. 667.

United States District Court
M. D. Georgia,
Columbus Division.

Oct. 8, 1957.

Beverley R. Worrell, Birmingham, Ala., M. J. Parmenter, Atlanta, Ga., for plaintiff.

R. Lamar Moore, Moore, Gibson, DeLoache & Gardner, Moultrie, Ga., for defendants.

BOOTLE, District Judge.

This is an action brought under the authority of Section 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 217, to enjoin the defendants from violating the provisions of Section 15(a) (3) of that Act, (Title 29 U.S.C.A. § 215(a) (3)), alleging the unlawful discharge of Elizabeth Duke, Maebelle Giles, and Paralee Pate, praying for an injunction and an order requiring their reinstatement and reimbursement for wages lost by them by virtue of their unlawful discharge.

### Findings of Fact

I find the facts to be as follows:

1. Robert DeMario Jewelry, Inc., the corporate defendant, is engaged in the business of manufacturing jewelry at Fort Gaines, Georgia, and has been continuously so engaged since its incorporation on September 19th, 1955. The defendant, Robert DeMario, is president of said corporation and the owner of 98% of its capital stock and in his individual capacity operated the same business at Fort Gaines, Georgia continuously from the month of August, 1953 until the business was incorporated.

2. Elizabeth Duke was an employee of said business continuously for three years and one month immediately prior to November 30, 1956, when she was laid off. Maebelle Giles was an employee of said business continuously for two years and one month immediately prior to November 20, 1956, when she was laid off. Paralee Pate was an employee of said business continuously for nine months immediately prior to November 19, 1956, when her employment was terminated in the manner hereinafter specified.

3. On November 14, 1956, a number of employees of the corporate defendant, including Elizabeth Duke and Paralee Pate, through the Secretary of Labor, filed a suit in this court against the defendants under and by virtue of the authority of Section 16(c) of the Fair La-

bor Standards Act, Title 29 U.S.C.A. § 216(c), for the recovery of wages allegedly unpaid. Said suit was served upon the defendants on November 16, 1956. Maebelle Giles was not named in that action, but was included in a subsequent like suit filed in this court on January 7, 1957, and Larry Brown, one of the officers of the corporate defendant, learned on November 16, 1956, when the first suit was served, that Maebelle Giles had filed a request with the Secretary of Labor to represent her in her claim for back wages.

4. Immediately after the service of said suit upon Robert DeMario he became disturbed, excited and displeased with the three employees named because of their having authorized the bringing of said suit. One by one he called them into the restroom in the place of business, which was the only available private area for conference in that immediate building, and in substance, asked them why they had authorized the bringing of the suit and protested their having done so.

5. The three employees named were, relatively speaking, long-term employees of the defendants, particularly Elizabeth Duke and Maebelle Giles. Few, if any, employees had worked continuously longer than these two.

6. Because of the defendants' displeasure over the filing of said first mentioned suit and the probability of the filing of said second suit the defendants immediately began discriminating against the three named employees. This discrimination manifested itself in several ways, including the changing of seating arrangements of these employees on the following Monday morning, November 19th, giving them less desirable locations or positions in the plant, changing the particular type of work assigned to them, giving instructions that they were not to leave their seats except to go to the restroom and generally finding fault with their work.

7. As a result of said discrimination and nagging on the part of the individual defendant, Paralee Pate, about twelve o'clock, noon, on Monday, November 19th, stated to the individual defendant, "I am leaving and I think you know why". She returned to work at the usual hour next morning, but the defendants refused to admit her to the plant, the individual defendant telling her, in substance, that she had quit the day before.

8. On or about November 28, 1956, the defendants laid off Maebelle Giles, and on or about November 30, 1956, laid off Elizabeth Duke. At least the defendants told these two employees they were laid off, but they have never been offered reinstatement or re-employment. E. B. Tallmadge, an investigator with the Wage and Hour Division, United States Department of Labor, before the present action was filed, requested the defendants to reinstate Elizabeth Duke, but the defendants did not agree to do so. The evidence is not entirely clear whether Mr. Tallmadge also requested reinstatement of the other two named employees, the individual defendant having testified that he might have done so. As above stated, Paralee Pate requested the privilege of returning to work the day after her employment was interrupted at noon, but defendants rejected her request.

9. Paralee Pate and Maebelle Giles were at least average workers, and Elizabeth Duke was above the average. No complaints had ever been made against the work of any of these three employees. All three of these employees were well liked by the other employees, and throughout the trial no serious criticism was made of any of them except that Paralee Pate could be sarcastic toward the individual defendant and another supervisor because of which trait her name had been included on a tentative list prepared prior to November 16, 1956 of persons who were to be laid off, but, after a conference between the individual defendant and some of his key personnel prior to the filing of any of the suits, her name was removed from said list. The names of Maebelle Giles and Elizabeth Duke had never been included on said list.

# 802

10. The three named employees would not have been laid off if it had not been for the filing of said suits, or if they had been laid off they would have been reinstated long since. A few other employees were laid off during the months of October, November, and December, 1956, several of those being laid off having less seniority than the three employees named, and some, at least three, of those laid off with less seniority having been re-employed by the defendants.

## Conclusions of Law

I arrive at the following conclusions of law:

1. This court has jurisdiction of this cause. Title 29 U.S.C.A. § 217.

2. It is unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint, or instituted, or caused to be instituted, any proceeding under or related to the Fair Labor Standards Act (Title 29 U.S. C.A. § 215(a) (3)).

3. The conduct of the defendants as described in the foregoing findings of fact constituted prohibited discrimination against the three employees named as to the treatment of said employees between November 16, 1956 and the respective dates of the suspension or termination of their employment, as to the suspension or termination of their employment and as to the failure to reinstate or re-employ said employees.

4. The plaintiff in this case, James P. Mitchell, Secretary of Labor, suing on behalf of said three named employees, is entitled to an injunction enjoining the defendants from in any manner discriminating against said three employees and is entitled to a mandatory injunction requiring the defendants to offer said employees reinstatement to the former positions which they held immediately prior to the service of the suit, which was served on or about November 16, 1956, which injunction should order the defendants, if need be, to lay off any employees enjoying less seniority than said three employees, seniority to be computed from the date of original employment in each instance. While such injunctions should not issue except in cases where evidence of discrimination is clear and convincing, this case clearly falls in that category. Walling v. O'Grady, 2 Cir., 146 F.2d 422; McComb v. Frank Scerbo & Sons, 2 Cir., 177 F.2d 137; Texas & N. O. R. Co. v. Brotherhood Ry. & S.S. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034, 1039; Porter v. Warner Holding Company, 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332; Walling v. Barnesville Farmers Elevator Co, D.C.Minn., 58 F.Supp. 821, and Walling v. Phillips & Buttorff Mfg. Co., D.C.M.D.Tenn., 57 F. Supp. 543.

5. In this case it is not necessary to determine whether this court has jurisdiction, in view of the proviso contained in Title 29 U.S.C.A. § 217, reading:

"Provided, That no court shall have jurisdiction, in any action brought by the Secretary of Labor to restrain such violations, to order the payment to employees of unpaid minimum wages or unpaid overtime compensation or an additional equal amount as liquidated damages in such action."

to require reimbursement for wages lost by virtue of unlawful lay-offs or discharges inasmuch as, in the exercise of the court's discretion, such reimbursement would not be ordered even assuming, without deciding, that the court would have jurisdiction to order such reimbursement. As to whether or not such jurisdiction exists, see U.S.Code Congressional Service, 81st Congress, First Session, 1949, page 2273 for legislative history of said proviso.