**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Appellant,**

v.

**ROBERT DE MARIO JEWELRY, INC. and Robert DeMario, an Individual, Appellees.**

**ROBERT DE MARIO JEWELRY, INC. and Robert DeMario, an Individual, Cross-Appellant,**

v.

**James P. MITCHELL, Secretary of Labor, United States Department of Labor, Cross-Appellee.**

No. 17068.

United States Court of Appeals
Fifth Circuit.

Nov. 7, 1958.

---

4. Daigle v. United States, 1 Cir., 181 F.2d 311.

5. Cf. Mortensen v. United States, 322 U.S. 369, 64 S.Ct. 1037, 88 L.Ed. 1331.

Jacob I. Karro, Atty., Dept. of Labor, Bessie Margolin, Asst. Sol., Dept. of Labor, Sylvia S. Ellison, Dept. of Labor, Washington, D. C. (Stuart Rothman, Solicitor, Washington, D. C., Albert M. Horn, Birmingham, Ala., United States Department of Labor, Beverley R. Worrell, Regional Attorney, Birmingham, Ala., on the brief), for appellant.

R. Lamar Moore, Moultrie, Ga. (Moore, Gibson, DeLoache & Gardner, Moultrie, Ga., on the brief), for appellees.

Before HUTCHESON, Chief Judge, and TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The Secretary of Labor brought suit in the United States District Court for the Middle District of Georgia, invoking the jurisdiction conferred by Section 17 of the Fair Labor Standards Act,[1] against Robert DeMario Jewelry, Inc., a corporation, and Robert DeMario who controlled the corporation and owned most of its stock. It was charged by the Secretary that three employees of the jewelry company had been wrongfully discharged in violation of Section 15 of the Act[2] for having complained to the Secretary that they were not receiving minimum wages. In addition to seeking an injunction, in general terms, against violations of Section 15(a)(3) of the Act, the Secretary prayed that the appellees be required to reinstate the three discharged employees and to reimburse them for wages lost as a result of the wrongful discharges.

The district court entered its decree ordering the reinstatement of the three discharged employees. The district judge indicated a doubt as to whether the court had any power to decree reimbursement for lost wages but found it unnecessary to determine this question "inasmuch as in the exercise of the Court's discretion such would not be ordered even assuming, without deciding, that the Court would have jurisdiction to order such reimbursement." The Secretary has appealed and urges that the district court erred in refusing to direct the appellees to make reimbursement to the employees for wages lost as a result of their wrongful discharge. The Secretary designated for printing only those portions of the record consisting of the Complaint, the Answer, and the Findings of Fact, Conclusions of Law and Decree. The appellees, saying that the record on appeal is not sufficient to permit a determination of whether there was an abuse of discretion in denying reimbursement, move that the appeal be dismissed.

The printed record is sufficient for our disposition of the case. If the appellees believed that the portion which the appellant designated for printing was inadequate, the rules of this Court provide the method by which other portions of the record may be included. 5th Cir. Rule 23, 28 U.S.C.A.

---

1. "The district courts, together with the District Court for the Territory of Alaska, the United States District Court for the District of the Canal Zone, and the District Court of the Virgin Islands shall have jurisdiction, for cause shown, to restrain violations of section 15: *Provided,* That no court shall have jurisdiction, in any action brought by the Secretary of Labor to restrain such violations, to order the payment to employees of unpaid minimum wages or unpaid overtime compensation or an additional equal amount as liquidated damages in such action." 29 U.S.C.A. § 217.

2. "(a) After the expiration of one hundred and twenty days from June 25, 1938, it shall be unlawful for any person—

\* \* \* \* \* \* \*

"(3) To discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee; \* \* \*." 29 U.S.C.A. § 215.

Section 17 of the Fair Labor Standards Act, as originally enacted, merely conferred jurisdiction upon the district courts to restrain violations of Section 15 of the Act. The limiting proviso was not then a part of the statute. The Eighth Circuit Court of Appeals sustained a consent decree in a suit by the Wage and Hour Administrator directing payment to employees of the defendant of the difference between wages paid and the amount payable at the prescribed minimum hourly and overtime rates. Walling v. Miller, 8 Cir., 1943, 138 F.2d 629, certiorari denied 321 U.S. 784, 64 S.Ct. 781, 88 L.Ed. 1076. Doubt was expressed as to the authority of the administrator to maintain the suit, but it was found unnecessary to decide the question. One of the judges, in an opinion concurring specially, expressed the opinion that the power given to district courts to restrain violations included the power to direct payments of wage deficiencies unlawfully withheld. Thereafter it was held by the Second Circuit Court of Appeals that in a proceeding brought under Section 17 for the reinstatement of wrongfully discharged employees the court had inherent power to enforce payment of wages lost by the discharge. Walling v. O'Grady, 2 Cir., 1944, 146 F.2d 422. In support of its decision the court cited and relied upon Texas & N. O. R. Co. v. Brotherhood of Ry. Clerks, 281 U.S. 548, 50 S.Ct. 427, 74 L.Ed. 1034; Phelps Dodge Corporation v. N. L. R. B., 313 U.S. 177, 61 S.Ct. 845, 85 L.Ed. 1271, 133 A.L.R. 1217; and the specially concurring opinion in Walling v. Miller, supra.

■ The O'Grady case was followed in the Second Circuit by McComb v. Frank Scerbo & Sons, 2 Cir., 1949, 177 F.2d 137, in which it was held that the district courts had power, in a suit to restrain violations of the minimum wage and hour provisions of the Act, to order restitution of overtime wages. In the opinion of the court it followed, and it recited in its opinion that it was following, its O'Grady case. It quoted from the special concurrence in Walling v. Miller, supra. The authorities relied upon in the O'Grady case were cited and also the intervening decision in McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599. Cf. Brotherhood of Ry. & S. S. Clerks v. Texas & N. O. R. Co., D.C., 25 F.2d 876, affirmed 5 Cir., 33 F.2d 13. The Texas & N. O. R. Co. case and McComb v. Jacksonville Paper Co. case involved situations where prior decrees, framed to act prospectively, had not been complied with and contempt proceedings had thereafter been instituted. In the McComb v. Jacksonville Paper Co. opinion [336 U.S. 187, 69 S.Ct. 500] it was said "We can lay to one side the question whether the Administrator, when suing to restrain violations of the Act, is entitled to a decree of restitution for unpaid wages." It is hornbook law that in a contempt proceedings for the violation of an injunction the court may ascertain damages for the breach and enter judgment for such damages. 12 Am.Jur. 430–432, Contempt § 62. The power of Federal courts to enforce decrees and punish by contempt for their breach is expressly recognized in Rule 70, Fed.Rules Civ. Proc., 28 U.S.C.A. Cf. National Drying Machinery Co. v. Ackoff, 3 Cir., 1957, 245 F.2d 192, certiorari denied 355 U.S. 832, 78 S.Ct. 47, 2 L.Ed.2d 44. Phelps Dodge Corp. v. N. L. R. B. involved the provision of the National Labor Relations Act, 29 U.S.C.A. § 160(c), authorizing the Labor Board, under the circumstances stated by the Congress, "to take such affirmative action including reinstatement of employees with or without back pay, as will effectuate the policies of" that Act. No such power is conferred on the courts by Section 17 of the Fair Labor Standards Act. [313 U.S. 177, 61 S.Ct. 849.]

■■ By the Fair Labor Standards Amendments of 1949, 63 Stat. 910, 920, Section 17 was amended by adding the proviso,

"That no court shall have jurisdiction, in any action brought by the Administrator [Secretary of Labor] to restrain such violations, to order the payment to employees of unpaid minimum wages or unpaid overtime

compensation or an additional equal amount as liquidated damages in such action."

For the Secretary the inference is drawn that this amendment recognizes the power of district courts to order restitution in an injunction decree ordering reinstatement of wrongfully discharged employees. For the jewelry company employer it is said that the amendment negatives any such inference and, on the contrary, shows a Congressional recognition of the non-existence of such power as is claimed by the Secretary for the courts. The Conference Committee, in its report, discussed the purposes and effect of the amendment to Section 17.[3] In the drafting of the 1949 Act there was included as Section 16(c) the provision that, with the exceptions stated, the Administrator, now the Secretary, could sue with the consent of the employees for unpaid minimum wages and unpaid overtime compensation. Thus was created a cause of action in the Secretary. Suits by him under the statute are, in effect, suits by the United States. Walling v. Norfolk Southern Ry. Co., 4 Cir., 1947,

162 F.2d 95; Walling v. Frank Adam Electric Co., 8 Cir., 1947, 163 F.2d 277; Mitchell v. Floyd Pappin & Son, D.C. Mont.1954, 122 F.Supp. 755. Section 17 denies to the courts any power to order payment of minimum wages and overtime to employees in the Secretary's suit to enjoin violations of Section 15. The Congress could have given but did not give to the Secretary any cause of action to sue for restitution on behalf of wrongfully discharged employees. Are we to assume, absent any expression in congressional enactment or legislative history, that Congress intended by implication to give the Secretary acting on behalf of the United States, such a cause of action? We think not.

The Secretary has expressed a doubt that a wrongfully discharged employee has a cause of action, enforceable in a Federal Court, to recover for losses resulting from a wrongful discharge. The Second Circuit Court of Appeals has held, in a case arising before the 1949 amendment, that the employee had no right which he could assert in a Federal forum.[4] We do not feel any necessity for

3. "The House bill adopted the language of section 17 of the act without change. The Senate amendment altered this section to include a more precise description of the United States courts having jurisdiction of actions to restrain violations. The legal effect of both versions was the same. The conference agreement adopts the Senate version with a proviso to the effect that no court shall have jurisdiction, in any action brought by the Administrator to restrain violations of section 15, to order payment to employees of unpaid minimum wages or unpaid overtime compensation or an additional equal amount as liquidated damages. This proviso has been inserted in section 17 of the act in view of the provision of the conference agreement contained in section 16(c) of the act which authorizes the Administrator in certain cases to bring suits for damages for unpaid minimum wages and overtime compensation owing to employees at the written request of such employees. Under the conference agreement the proviso does not preclude the Administrator from joining in a single complaint causes of action arising under section 16(c) and section 17. Nor is it intended that if the Administra-

tor brings an action under section 16(c) he is thereby precluded from bringing an action under section 17 to restrain violations of the act. Similarly, the bringing of an injunction action under section 17 will not preclude the Administrator from also bringing in an appropriate case an action under section 16(c) to collect unpaid minimum wages or overtime compensation owing to employees under the provisions of the law. Nor is the provision intended in any way to affect the court's authority in contempt proceedings for enforcement of injunctions issued under section 17 for violations occurring subsequent to the issuance of such injunctions. The provision, however, will have the effect of reversing such decisions as McComb v. Frank Scerbo & Sons, 2 Cir., 177 F.2d 137, in which the court included a restitution order in an injunction decree granted under section 17." U.S.Code Congressional Service, 1949, p. 2273.

4. "The dismissal of the second count was also necessary and proper since the Fair Labor Standards Act, supra, confers no jurisdiction upon the court over a civil action to recover damages for the dis-

deciding whether or not the employee has a cause of action. If he has, then without congressional authority the Federal courts cannot, at the suit of the Secretary, enforce his cause of action. The employee would be the real party in interest. Cf. Rule 17(a), Fed.Rules Civ. Proc., 28 U.S.C.A. If the Secretary is seeking to enforce, on behalf of the United States or in his own right as Secretary, a cause of action vested in him, we must look for a congressional enactment which creates the cause of action. The right of the Secretary to seek and the power of the court to grant the relief which was denied by the district court must be expressly conferred by an act of Congress or be necessarily implied from a congressional enactment.

The effect of the amendment to Section 17 was the subject of an interesting comment arguendo in an opinion of the Ninth Circuit Court of Appeals where it was said:

"An attempt by the Administrator of the Wage and Hour Division to assert the power of collecting restitution was supported by various courts improvidently. [Citing McComb v. Scerbo and Walling v. O'Grady]. The Congress rebuked this attempt and in effect repealed the supporting decisions by amending the basic act expressly to forbid collection of restitution by the agency." United States v. Parkinson, 9 Cir., 1956, 240 F.2d 918, 920.

The report of the Conference Committee, supra, stated that the amendment to Section 17 was not intended "to affect the court's authority in contempt proceedings for enforcement of injunctions issued under section 17 for violations *occurring subsequent to the issuance of such injunctions*." (Emphasis supplied.) This suggests that there was no power to grant restitution for violations occurring prior to the issuance of an injunction. It was the apparent intent of Congress, in passing the 1949 amendment to Section

17, that it "will have the effect of reversing such decisions as McComb v. Scerbo * * * in which the court included a restitution order in an injunction decree granted under section 17." The O'Grady case is not "such a case" as the Scerbo case in that Scerbo deals with overtime wages while O'Grady involved loss of wages due to a wrongful discharge. But the reasons for the decision in Scerbo are those announced in O'Grady, and the authority of O'Grady was, we think, the primary precedent relied upon in Scerbo. To that extent O'Grady was one, and perhaps the only one from an appellate court, of "such decisions as McComb v. Scerbo." The O'Grady case was one "in which the court included a restitution order in an injunction decree granted under section 17," and in that respect the O'Grady case was one of "such decisions as McComb v. Scerbo". But the proviso added to Section 17 by the 1949 amendment dealt solely with the minimum wage and overtime compensation provisions. Without expressly holding, therefore, because we find it unnecessary to do so, that the Congress intended, by the amendment, to expressly repudiate the doctrine of the O'Grady case although the report of the Committee points strongly in that direction, we have no hesitancy in saying that the reliance in the O'Grady case on the cases cited by it was misplaced and that we do not regard that decision as authoritative.

If the district courts have the authority to direct restitution to employees who have been wrongfully discharged in connection with an injunction directing reinstatement, such authority exists, we think, as an equitable power granted by implication as necessarily being an incident of or ancillary to the judicial power expressly conferred by the congressional act. The Secretary places reliance upon Porter v. Warner Holding Co., 328 U.S. 395, 66 S.Ct. 1086, 90 L.Ed. 1332. There the Administrator under the Emergency Price Control Act, 56 Stat. 23, brought a

---

charge of an employee in violation of the statute. Such action must be redressed, if at all, by criminal proceedings in con-

formity with § 15(a) (3) of the Act." Bonner v. Elizabeth Arden, Inc., 2 Cir., 1949, 177 F.2d 703, 705.

suit to enjoin the collection of rents in excess of the permitted maximum, and to require the defendant property owner to tender to his tenants the excess rents he had collected. The Act gave tenants a cause of action for treble damages. The courts were authorized, upon application of the Administrator to grant "a permanent or temporary injunction, restraining order, or other order." The Supreme Court found that district courts could enter orders directing restitution. It quoted from a Senate Committee report a statement that the "courts are given jurisdiction to issue whatever order to enforce compliance is proper in the circumstances of each particular case." This, said the Supreme Court, "is an unmistakable acknowledgment that courts of equity are free to act under § 205(a) [5] in such a way as to be most responsive to the statutory policy of preventing inflation", 328 U.S. 401, 66 S.Ct. 1090. Thus it appears that by authorizing the entry of an "other order", a broad general power to grant equitable relief was conferred by Congress. The general equitable power, said the Supreme Court, is not to be denied unless the statute expressly or by a necessary inference restricts the court's jurisdiction in equity. Of the Price Control Act, and the Porter decision construing it, the Ninth Circuit Court of Appeals has observed:

"The courts construed certain language of the Price Control Act to compel mandatory restitution. But this legislation was passed and interpreted in time of a struggle for national existence. These laws are now in abeyance and they constitute a doubtful precedent for the extension of enactments such as this which are intended to represent permanent policy in peaceful times as well." United States v. Parkinson, supra.

The excess rentals collected were moneys received by the landlord in violation of the express provisions of a statute or a Regulation issued pursuant to it. The situation is not unlike that of the employer in a contempt case who, in violation of a court order, prospective in its effect when entered, retains funds which belong to his employees. Here the right of recovery, if any right there be, is that of the wrongfully discharged employee to recover damages for the wrong done to him. No right to recover damages in such a case has been given to him or to the Secretary for him by the statute, nor does the statute contain language which indicates a recognition of any such right. There is, as has been indicated, a judicial determination denying the existence of any such right in the employee. We are unable to find or infer any intent of the Congress that the courts should have power, as an incident to an order directing reinstatement of discharged employees, to direct the payment of the damages resulting from the loss of wages. The meagre indications of congressional purposes which we are able to glean from the Act and from the Committee Report indicate a contrary intent. In any event, we conclude that the doctrine stated in the O'Grady case, for which the Secretary here contends, is not expressive of the present state of the law.

The district court refrained from deciding whether it was authorized to require restitution of wages lost by the discharged employees "inasmuch as in the exercise of the court's discretion such reimbursement would not be ordered even assuming, without deciding, that the court would have jurisdiction to order such reimbursement". If we had decided

5. "Whenever in the judgment of the Administrator any person has engaged or is about to engage in any acts or practices which constitute or will constitute a violation of any provisions of section 4 of this Act, he may make application to the appropriate court for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, and upon a showing by the Administrator that such person has engaged or is about to engage in any such acts or practices a permanent or temporary injunction, restraining order, or other order shall be granted without bond." 56 Stat. 23, 33.

that the court was authorized to grant the relief of awarding the loss of wages damage to the employees it would have been necessary to review more of the record than is before us in order to determine whether or not there was an abuse of discretion in denying the relief sought. This question is not reached.

The appellee, subsequent to the argument of this appeal, has suggested that the district court was without power to issue an injunction directing the reinstatement of the employees who were wrongfully discharged. The suggestion is without merit.

The decree of the district court is Affirmed.